OPINION OF THE COURT
 

 Levine, J.
 

 In proceedings pursuant to Family Court Act article 10, Nicholas V., born July 14, 1979, was adjudicated an abused child and Michael V., born October 6, 1980, was adjudicated a neglected child. In each instance, the adjudication was based upon Family Court’s grant of the motion for summary judgment of the petitioner Suffolk County Department of Social Services, in which the court determined that appellant, stepfather of the two children, had sexually abused Nicholas.
 

 The motion for summary judgment was supported by documentary evidence that appellant had been convicted in Suffolk County Court after trial of 15 counts of sodomy in the first degree committed against Nicholas. Without holding a dispositional hearing, Family Court entered a dispositional order of protection
 
 (see,
 
 Family Ct Act § 1052 [a] [iv]) directing appellant to have no contact whatsoever with the children, including no telephone contact and no written communication of any kind. The order of protection provided that it was to remain in effect until each child attained his eighteenth birthday, the maximum period statutorily authorized
 
 (see,
 
 Family Ct Act § 1056 [4]).
 

 The Appellate Division affirmed in all respects (188 AD2d 603). It ruled that Family Court, in granting summary judgment, properly applied appellant’s criminal conviction as "conclusive proof’ of sexual abuse of Nicholas, and that this in turn supported the finding that Michael V. was a neglected child. Largely because of appellant’s sentence to a term of
 
 *182
 
 imprisonment the minimum of which extended beyond the children’s respective minorities, the Appellate Division further held that a dispositional hearing would have been superfluous and, therefore, no reversible error was committed by Family Court in rendering its dispositional order, without a hearing.
 

 Upon appeal pursuant to leave granted by this Court, appellant initially argues that Family Court should not have granted summary judgment adjudicating Nicholas an abused child and Michael a neglected child. We disagree. Although there is no express provision for a summary judgment procedure in a Family Court Act article 10 proceeding, the Act does provide that, in such cases, "the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved” (Family Ct Act § 165 [a]). Summary judgment, of course, may only be granted in any proceeding when it has been clearly ascertained that there is no triable issue of fact outstanding; issue finding, rather than issue determination, is its function
 
 (Sillman v Twentieth Century-Fox Film Corp.,
 
 3 NY2d 395, 404). Summary judgment "does not deny the parties a trial; it merely ascertains that there is nothing to try” (Siegel, NY Prac § 278, at 407 [2d ed]). When properly employed, moreover, summary judgment is a highly useful device for expediting the just disposition of a legal dispute for all parties and conserving already overburdened judicial resources. As such, we see no reason why summary judgment is not an appropriate procedure in proceedings under Family Court Act article 10.
 

 We further conclude that summary judgment was properly granted here. The
 
 Nicholas V.
 
 child abuse petition alleged that "on numerous occasions since 1986,” appellant committed acts of oral sodomy upon Nicholas. In support of the motion for summary judgment, petitioner submitted the indictment, certificate of conviction of 15 counts of the indictment and the sentencing minutes of appellant’s sentencing, establishing his commission of 15 acts of sodomy of Nicholas in a three-month period from March through May 1988. Thus, the acts of sodomy for which appellant was convicted fell within the broad allegations of the
 
 Nicholas V
 
 abuse petition, and petitioner satisfied its burden, as the proponent of applying collateral estoppel here, to establish the identicality of the issue of appellant’s sexual abuse of Nicholas in the instant child protective proceeding and the issues resolved against him in the criminal proceeding
 
 (see, S. T. Grand, Inc. v City of New York,
 
 32 NY2d 300, 304;
 
 Schwartz v Public Adm’r of
 
 
 *183
 

 County of Bronx,
 
 24 NY2d 65, 71). Appellant has not disputed that he had a full and fair opportunity to litigate in the criminal proceedings the issue of his commission of sodomy upon Nicholas. Therefore, all of the requirements were satisfied for applying collateral estoppel to sustain the
 
 Nicholas V.
 
 sexual abuse petition
 
 (S. T. Grand, Inc. v City of New York, supra).
 

 The establishment of appellant’s sexual abuse of Nicholas constituted admissible proof of his neglect of Michael (Family Ct Act § 1046 [a] [i]). This shifted the burden to appellant to submit admissible evidence to create a triable issue regarding neglect of Michael; appellant’s unexcused failure to do so justified Family Court in granting summary judgment on the petition involving Michael
 
 (Zuckerman v City of New York,
 
 49 NY2d 557, 562). Accordingly, we affirm the order of the Appellate Division insofar as it upheld the grant of summary judgment adjudicating Nicholas V. an abused child and Michael V. a neglected child.
 

 We conclude, however, that Family Court erred in failing to hold a dispositional hearing. The Family Court Act directs that a dispositional hearing be held as a condition precedent to the entry of a dispositional order such as the order of protection granted by Family Court here
 
 (see,
 
 Family Ct Act §§ 1045, 1047, 1052 [a]). Nor was such a hearing entirely superfluous in this case. By dispensing with a dispositional hearing, Family Court limited its ability to make an informed judgment as to the need for alternative or additional dispositional remedies in the children’s best interests
 
 (see,
 
 Family Ct Act § 1052 [a] [i]-[v]). A dispositional hearing might have disclosed, for example, the children’s need for further intervention through an order of supervision of the parent in whose custody they were released, subject to conditions entailing the provision of rehabilitative or other therapeutic services
 
 (see,
 
 Family Ct Act § 1052 [a] [ii]; § 1054 [b]).
 

 This matter, therefore, must be remitted to the Family Court for a dispositional hearing. At the dispositional hearing, Family Court has ample inherent discretionary power to conduct the proceedings so as to protect the children from further traumatic contact with appellant, should this be necessary
 
 (see, Matter of Lincoln v Lincoln,
 
 24 NY2d 270, 272;
 
 see also, Matter of Christina F. [Gary F.]
 
 74 NY2d 532, 535; Besharov, 1992 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1046, 1994 Pocket Part, at 156-157).
 

 
 *184
 
 Accordingly, the order of the Appellate Division should be modified by remitting the matter to Family Court for a dispositional hearing and, as so modified, affirmed, without costs.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith and Ciparick concur; Judge Titone taking no part.
 

 Order modified, without costs, by remitting the matter to Family Court, Suffolk County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.