OPINION OF THE COURT
Andrew P. Bivona, J.
This is an application by the petitioning agency, the Orange *567 County Department of Social Services, for summary judgment in the pending abuse and neglect proceeding. The application was brought on by way of order to show cause returnable on September 9, 1998 at 1:30 p.m. At that time the petitioner appeared by Stephen Toole, Esq., of counsel to Richard B. Golden, Orange County Department of Law, the respondent Gary P. appeared in person and by his attorney, John Ziobro, Esq., and Colleen Foley Clardy, Esq., of counsel to the Children’s Rights Society, appeared as Law Guardian for the subject children. No written answer was submitted by the respondent or the Law Guardian and at the proceeding held on the return date respondent’s counsel advised the court that the respondent would not be submitting opposition to the motion.
The pending abuse and neglect proceeding concerns alleged sexual abuse by the respondent of his stepdaughter, age 13, and the consequent neglect of this child and his biological daughter.
The stepdaughter gave a detailed written deposition wherein she stated that the respondent had sexual intercourse with her and performed other acts of sodomy. The respondent gave a sworn, written statement to the police department wherein he admitted acts of sodomy and sexual contact for his own sexual gratification. The statements were consistent as to the timing of the first incident of alleged sexual abuse and respondent’s statement admits sexual offenses under the Penal Law. It is clear that if a trial were held and the testimony established the facts as set forth in the child’s deposition and the respondent’s sworn written statement that there would be a finding of sexual abuse as to the stepchild and a derivative finding of neglect regarding both of the children.
The use of summary judgments in Family Court Act article 10 proceedings was approved by the Court of Appeals in Matter of Suffolk County Dept. of Social Servs. (Michael V.) v James M. (83 NY2d 178). The court notes that in the reported cases where summary judgment in article 10 proceedings has been granted, the motion has been based upon a criminal conviction stemming from the same set of facts as formed the basis of the article 10 proceeding. Accordingly, it would appear to be a case of first impression as to whether the deposition of the child victim and the sworn, written statement of the respondent can form the basis for a summary judgment.
In Matter of Suffolk County Dept. of Social Servs. (Michael V.) v James M. (supra, at 182) the Court of Appeals stated: *568 “Summary judgment, of course, may only be granted in any proceeding when it has been clearly ascertained that there is no triable issue of fact outstanding; issue finding, rather than issue determination, is its function” (citation omitted).
As previously stated, if a trial were held in this matter and testimony by or on behalf of the child was consistent with her deposition and the respondent’s sworn, written statement was admitted into evidence there would be a finding of abuse of the stepdaughter by the respondent and a derivative finding of neglect as to both children.
First, the stepdaughter is 13 years of age and there is no question that she is old enough to understand the meaning of giving a statement under oath.
Most significant, however, is that the respondent is not contesting the motion for summary judgment and has stated that no reply will be filed. If the respondent contested the truthfulness of the stepdaughter’s statement and his own statement alleging that it had been coerced or forced an issue would then be presented which would mandate denial of this motion. However, it does not appear that there are any issues which would require a trial and therefore the motion for summary judgment is granted.
Accordingly the court finds that the stepdaughter is an abused child and that the respondent is the person responsible for that abuse and that by reason of the abuse of the stepchild that both children are neglected children and the respondent is the person responsible for that neglect. The fact-finding hearing scheduled for October 26, 1998 at 1:30 p.m. is canceled; however, the dispositional hearing in this matter shall be held at that time.
The Department of Social Services is directed to submit a fact-finding order on notice to the respondent and Law Guardian by October 16, 1998.