Matter of Christian Justice Lawrence W. (2005 NY Slip Op 51642(U))

[*1]

Matter of Christian Justice Lawrence W.

2005 NY Slip Op 51642(U) [9 Misc 3d 1118(A)]

Decided on September 30, 2005

Family Court, Kings County

Hamill, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2005

Family Court, Kings County
In the Matter of the Commitment of Guardianship and Custody pursuant to 384-b of the Social Services Law of Christian Justice Lawrence W. A/K/A CHRISTIAN W. and SHARONE W. A/K/A SHARON W., Children under the age of Eighteen Years, Alleged to be Permanently Neglected, Abandoned and Severely Abused Children.
B-36166-7/03

Bryanne A. Hamill, J.
On March 3, 2005, the Petitioner, Little Flower Children's Services (hereinafter "Agency") by James Cortazzo, Esq., moved for summary judgment against the respondent father Sharone Leon W. on the grounds that there were no triable issues of facts regarding the three TPR causes of actions, i.e., abandonment, permanent neglect and severe abuse. Answering papers were submitted by David Freed, the attorney of record for the respondent father at the time, and Amy Serlin, the Law Guardian. On June 7, 2005, the Court entertained oral argument. For purposes of this decision, this Court takes judicial notice of the fact that ACS never filed a motion to dispense with reasonable efforts, pursuant to Family Court Act §1039-b.
On June 7, 2005, with respect to the motion for summary judgement regarding severe abuse, this Court granted partial summary judgment to the extent that the respondent's criminal conviction for Assault in the First Degree, in violation of Penal Law §120.10, provides the predicate for severe abuse of both children, insofar as Sharone and Christian are siblings. However, this Court reserved decision as to whether the Court should excuse diligent efforts to strengthen the parental relationship, without holding a hearing thereupon. Further, this Court reserved decision on the motions for summary judgment for a finding, by clear and convincing evidence, of abandonment and permanent neglect.
After having carefully considered all papers submitted, all arguments made, and this incarcerated respondent father's statements in court, the Court denies the agency's motions for summary judgment for findings of abandonment and permanent neglect. The Court finds that this father has alleged sufficient factual disputes that warrant an evidentiary fact-finding hearing thereupon, regarding whether he, in fact, abandoned and permanently neglected these subject children. It is well settled that for a summary judgment motion to be granted, the court must find, as a matter of law, that there are no triable issues of fact. See, In the Matter of Suffolk County Department of Social Services, on Behalf of Michael V., 83 NY2d 178 (1994); Sillman [*2]v. Twentieth Century-Fox Film Corp., 3 NY2d 395 (1957); Moskowitz v. Garlock, 23 AD2d 943 (3rd Dept., 1965). Here, there are clearly triable issues of fact regarding these two causes of action.
With respect to whether the Court should grant the motion for summary judgment for a finding of severe abuse, the relevant statute, Social Services Law §384-b(8)(a)(iii)( c ) states that upon an assault conviction in the first or second degree, the subject children are deemed to have been "severely abused." However, section 384-b(8)(a)(iv) requires that, in addition to the instant conviction, the court must find that "the agency has made diligent efforts to encourage and strengthen the parental relationship, including efforts to rehabilitate at the respondent, when such efforts will not be detrimental to the best interest of the child, and such efforts have been unsuccessful and are unlikely to be successful in the foreseeable future. The only statutory exception to this determination is where "a court has previously determined in accordance with this chapter or the family court act that reasonable efforts to make it possible for the child to return safely to his or her home are not required." Soc. Serv. § 384-b (8)(a)(iv). Insofar as these determinations have not been previously made, the plain language of the statute requires such a hearing.
Furthermore, this Court finds that decisional law and due process requires a hearing on the issue of whether diligent efforts would be detrimental to the best interests of the children. In Matter of Marino S., 100 NY2d 361 (2003), a termination case, a finding was made on a cause of action alleging severe abuse pursuant to Social Service Law §384-b(8) based upon the commission of a felony sex offense and a resulting felony conviction. The Court held that no diligent efforts were required to be made by the agency in view of such conviction, but only after a hearing had been held by trial court.
A central issue in Marino S. concerned the retroactivity of the Adoption and Safe Families Act (hereinafter "ASFA"). The Court of Appeals found that ASFA was remedial in nature and did not impair vested rights and applied ASFA retroactively. "The law provides for a procedure by which the parent is entitled to offer evidence to contravene the agency's request to be excused from reasonable efforts at family reunification (Family Ct. Act §1039-b; Social Services Law § 384-b [8] [a] [iv]." Supra, at p. 371.
Moreover, the Court of Appeals stated in Marino S. that "It has long been the public policy of this State to keep biological families together and to require foster care agencies to exercise diligent efforts to reunite abused and neglected children with their birth parents, once rehabilitated . . . But when a child's best interests are endangered, such objectives must yield to the State's paramount concern for the health and safety of the child. In such extreme cases, the state's strong interest in avoiding extended foster care limbo and expediting permanency planning may properly excuse the futile exercise of making efforts toward reuniting a family that, in the end, should not and will not be reunited." Supra, at p. 372.
In Marino S., these issues were raised before the Family Court, where the respondents were entitled to offer evidence to contravene the agency's request to be excused from reasonable efforts at family reunification. Despite the respondent's claim to the contrary, the admissible evidence adduced before the Family Court in Marino S., clearly and convincingly established that diligent efforts to reunite that family was not required. It is clear from Marino S. that the respondents were given a full opportunity to present evidence at a hearing in support of their [*3]contention that diligent efforts to reunite them with their children should be required and not excused. The Court of Appeals in Marino S. clearly indicates that due process requires a hearing on the issues of the appropriateness of diligent efforts and the extent to which they would be detrimental to the best interests of the children. The Court stated "Since the termination proceeding had already commenced, a finding of severe abuse under Social Services Law §384-b(8) would itself have necessitated an inquiry into the appropriateness of diligent efforts and the extent to which they would have been detrimental to the best interests of the children." Supra, at p. 373.
Based upon the foregoing, this Court holds in abeyance the motion for summary judgment, pending a hearing, pursuant to Social Services Law § 384-b(8)(a)(iv). At this hearing, the burden shall be on the agency to prove by clear and convincing evidence that diligent efforts would have been detrimental to the best interests of the children during the relevant time frame, including that diligent efforts would have been contrary to the health and welfare of the children and not likely to have resulted in reunification. This respondent father shall be given a full opportunity to present evidence at this hearing to support his contention that diligent efforts should have been made to reunite him with his children.
Accordingly, the case is adjourned to October 17, 2005, 2:30 - 5:00 p.m. for this hearing, and if necessary, will be further adjourned to October 19, 2005, 2:30 - 5:00 p.m. For scheduling purposes, if this Court grants the motion thereafter and enters a finding that the father severely abused these children, the agency shall be prepared to proceed immediately to the dispositional hearing, where the agency must demonstrate, by clear and convincing evidence, that it serves the best interest of the children that the father's rights be terminated and that the custody and guardianship be committed to ACS and the agency for purposes of consenting to the adoption.
The foregoing constitutes the decision and Order of this Court.
Dated: September 30, 2005
Brooklyn, New York
HON. BRYANNE A. HAMILL
Judge of the Family Court