In the Matter of AJAY P., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VINOD P., Appellant. (Proceeding No. 1.) In the Matter of NILAM P., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VINOD P., Appellant. (Proceeding No. 2.) [875 NYS2d 149]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals (1) from an amended order of disposition of the Family Court, Nassau County (Marks, J.), dated July 17, 2007, which, upon an order of the same court dated May 9, 2007, granting the motion of the Nassau County

Department of Social Services for summary judgment on the issues of whether the father abused the child Nilam P. and derivatively neglected the child Ajay P., and after a dispositional hearing, in effect, adjudicated that the father abused Nilam P. and derivately neglected Ajay P., and directed him to comply with the terms and conditions of an order of protection dated July 17, 2007, and (2) from an order of protection of the same court also dated July 17, 2007, which directed the father to stay away from the two children until July 16, 2008, except for supervised visitation with the child Ajay P., and which further directed that he refrain from communication with the two children until July 16, 2008, except for therapeutic contact as approved by the Nassau County Department of Social Services.

Ordered that the appeal from the order of protection dated July 17, 2007, and the appeal from so much of the amended order of disposition dated July 17, 2007, as directed the father to comply with that order of protection, are dismissed as academic, without costs or disbursements, as the order of protection expired by its own terms on July 16, 2008; and it is further,

Ordered that the amended order of disposition dated July 17, 2007, is affirmed insofar as reviewed, without costs or disbursements.

In March 2006 the Nassau County Department of Social Services (hereinafter DSS) filed two petitions pursuant to Family Court Act article 10, alleging, among other things, that the father sexually abused and/or severely sexually abused the child Nilam P. Each petition alleged that, between 1999 and 2005, the father engaged in oral sodomy and intercourse with Nilam. The petitions alleged that there were, in total, about 20 such acts. In November 2006 the father was convicted in the County Court, Nassau County, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35), criminal sexual act in the first degree (two counts) (Penal Law § 130.50), and incest (Penal Law § 255.25), for acts he committed against Nilam. As part of its disposition, the County Court entered an order of protection effective until March 2, 2024. The County Court Judge stated, on the record, "I am relinquishing ultimate jurisdiction of how long this order is to stay in full force and effect to a family court judge who will have better input, in that, there will be a law guardian representing the child's interest at that point."

After the convictions, DSS moved for summary judgment on the Family Court Act article 10 petitions based upon the criminal convictions and the doctrine of collateral estoppel. The Family Court granted the motion, finding that the father sexually abused Nilam and derivatively neglected Ajay. In July 2007, the

Family Court held a dispositional hearing, at which the father argued that the Family Court had jurisdiction to amend the County Court's order of protection to permit some contact between Nilam and him. The Family Court rejected the father's argument, and issued a one-year order of protection, which expired on July 18, 2008, and an amended order of disposition directing, among other things, that the father comply with the Family Court order of protection.

The Family Court properly granted the motion of DSS for summary judgment on the issue of the father's abuse and derivative neglect since DSS met its prima facie burden of showing that the doctrine of collateral estoppel is applicable (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]). A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct (*id.* at 182-183; *see Matter of Doe*, 47 AD3d 283, 285 [2007]; *Matter of Diana N.*, 34 AD3d 1058, 1059 [2006]; *Matter of Denise GG.*, 254 AD2d 582, 583 [1998]). The father's plea of guilty to rape in the first degree, criminal sexual act in the first degree (two counts), and incest constituted convictions (*see* CPL 1.20 [13]). These convictions were for sexual crimes which were based upon the same acts constituting sexual abuse as set forth in Family Court article 10 (*see* Family Ct Act § 1012 [e] [iii]). Furthermore, the father's plea to the sexual crimes as to Nilam established his derivative neglect of Ajay because the acts underlying the sexual crimes demonstrated a fundamental defect in the father's understanding of his parental duties (*see* Family Ct Act § 1046 [a] [i]; *see also Matter of Jasmine A.*, 18 AD3d 546, 547 [2005]; *Matter of Christina Maria C.*, 89 AD2d 855 [1982]). The father failed to raise a triable issue of fact as to the identity of the issues in the County Court proceeding and the Family Court proceeding or as to his opportunity to fully litigate the issues in the criminal court proceeding (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Insofar as the Family Court's order of protection expired on July 16, 2008, the father's appeal from the order of protection and from so much of the amended order of disposition as directed him to comply with that order of protection must be dismissed as academic (*Matter of Nancy C. v Alison C.*, 57 AD3d 986 [2008]). Rivera, J.P., Spolzino, Ritter and Miller, JJ., concur.