■ In the Matter of GIANNIS F., a Child Alleged to be Abused. VILMA C., Appellant; MANNY M., Respondent; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [944 NYS2d 534]—

Order, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about October 14, 2011, which granted the application of the attorney for the child alleged to have been abused to permit the child to testify at the fact-finding hearing through two-way closed circuit television, subject to contemporaneous cross-examination by the parties, unanimously affirmed, without costs.

The court properly balanced respondent mother's due process rights with the emotional well-being of the child in permitting the child to testify to years of sexual abuse by her stepbrother, which the mother did not believe took place, outside their presence, but visible via closed-circuit television and subject to contemporaneous cross-examination (Matter of Q.-L. H., 27 AD3d 738, 739 [2006] ["(t)he Family Court must balance the due process rights of an article 10 respondent with the mental and emotional well being of the child (witness)"]). The affidavit of the social worker who interviewed the child on multiple occasions and who spoke with a social worker at the facility where the child was being treated sufficiently established the potential trauma to the child, which would likely interfere with her ability to testify accurately and without inhibition (see id.; Matter of Arlenys B. [Aneudes B.], 70 AD3d 598, 599 [2010]).

An evidentiary hearing was not required where the mother failed to present evidence that raised issues concerning the social worker's assessment of the risk of harm to the child or to her expertise (*see e.g. Matter of Jessica R.*, 78 NY2d 1031, 1033 [1991]). Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ.