In related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of the Family Court, Dutchess County (Sammarco, J.), dated January 31, 2011, as granted that branch of the petitioner’s motion which was for summary judgment on the issue of the father’s derivative neglect of the subject children Steven H., Evelyn H., and Makayla H.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
*1334 In June 2009, the Dutchess County Department of Social Services (hereinafter DSS) filed petitions pursuant to Family Court Act article 10, alleging, among other things, that the father sexually abused the subject child Idhailia E and derivatively neglected the subject children Steven H., Evelyn H., and Makayla H. Each petition alleged, inter alia, that, from the time Idhailia was 12 years old and up until May 16, 2009, when Idhailia E was 16, the father engaged in sexual intercourse with her. On December 22, 2010, the father was convicted in the County Court, Dutchess County, upon his plea of guilty, of rape in the second degree (Penal Law § 130.30) and criminal sexual act in the second degree (Penal Law § 130.45), for the acts he committed against Idhailia E
After the convictions, DSS moved for summary judgment on the Family Court Act article 10 petitions, based upon the criminal convictions and the doctrine of collateral estoppel. The Family Court granted those branches of the motion which were for summary judgment on the issues of the father’s abuse of Idhailia E and derivative neglect of Steven H., Evelyn H., and Makayla H. The father appeals from so much of the order as granted that branch of the motion which was for summary judgment on the issue of the father’s derivative neglect of Steven H., Evelyn H., and Makayla H.
The Family Court properly granted that branch of the motion of DSS which was for summary judgment on the issue of the father’s derivative neglect. DSS met its prima facie burden of showing that the doctrine of collateral estoppel is applicable (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of Ajay P., 60 AD3d 681, 683 [2009]). “A determination in a criminal action may be given collateral estoppel effect in a Family Court proceeding where the identical issue has been resolved, and the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct” (Matter of Javon T, 64 AD3d 608, 608 [2009]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182-183; Matter of Yamillette G. [Marlene M.], 74 AD3d 1066, 1067 [2010]; Matter of Leon K. [Marilyn O.], 69 AD3d 856, 857 [2010]; Matter of Ajay P., 60 AD3d at 683). The father’s plea of guilty to rape in the second degree and criminal sexual act in the second degree constituted convictions (see CEL 1.20 [13]) for sexual crimes based upon the same acts constituting the allegations of sexual abuse as set forth in Family Court Act article 10 petitions (see Family Ct Act § 1012 [e] [hi]).
Further, since the father’s plea of guilty and admission to *1335 repeatedly engaging in sexual intercourse with Idhailia E established a fundamental defect in the father’s understanding of his parental duties relating to the care of children, DSS demonstrated, prima facie, that the other children were derivatively neglected (see Family Ct Act § 1046 [a] [i]; see also Matter of Ajay P., 60 AD3d at 683).
In opposition, the father failed to raise a triable issue of fact as to either the collateral effect of his convictions or as to whether the other children were derivatively neglected (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 183; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Rather, his submission of only an attorney affirmation in opposition to the motion was insufficient, as a matter of law, to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 563).
Accordingly, the Family Court properly granted that branch of the petitioner’s motion which was for summary judgment on the issue of the father’s derivative neglect of Steven H., Evelyn H., and Makayla H. (see Family Ct Act § 1012 [Q [i]; § 1046 [a] [i]; see also Matter of Ajay P., 60 AD3d at 683; Matter of Justin P., 50 AD3d 802, 803 [2008]).
To the extent the father raises arguments related to the Family Court’s subsequent order of fact-finding and disposition, dated July 15, 2011, those contentions are not properly before this Court, as the father did not appeal from that order (see CPLR 5515 [1]; Matter of Alexus M. v Jenelle F., 91 AD3d 648, 651 [2012]; Maybaum v Maybaum, 89 AD3d 692, 698 [2011]). Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.