Order of disposition, Family Court, New York County (Jody Adams, J), entered on or about October 26, 2009, which, to the extent it brings up for review the order of fact-finding, entered on or about May 1, 2009, determining, after a hearing, that respondent mother neglected the subject children, unanimously affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the dispositional order.
Respondent’s challenge to an interim order suspending her visitation with the children is not before this Court because no appeal was taken from that order and the issue was rendered moot by her consent to entry of a final order of disposition providing for supervised visitation with the children (see Matter of Sandra G. v Victor P., 71 AD3d 588 [1st Dept 2010], lv dismissed 15 NY3d 862 [2010]; Family Ct Act § 1030). In any event, the determination to suspend visitation had a sound and *467 substantial basis in the record (see Matter of Latisha C. [Wanda C.], 101 AD3d 1113 [2d Dept 2012]).
The Family Court properly permitted one of the children, Robina C., to testify at the fact-finding hearing in camera. The court properly balanced respondent’s due process rights with the emotional well-being of the child by permitting the child to testify outside of respondent’s presence but subject to contemporaneous cross-examination by respondent’s attorney following consultation with respondent (see Matter of Giannis F. [Vilma C. — Manny M.], 95 AD3d 618, 618 [1st Dept 2012]; Matter of Hadja B., 302 AD2d 226 [1st Dept 2003]). The affidavit of the social worker submitted in support of the application sufficiently established the potential trauma to the child, which would likely interfere with her ability to testify accurately and without inhibition concerning the allegations of excessive corporal punishment (see id.). While respondent asserts that the social worker lacked sufficient experience or expertise, those factors go to the weight to be accorded the opinion, not its admissibility, and respondent offered no evidence in opposition. Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.