In five related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Tally, J.), dated February 10, 2012, as granted that branch of the petitioner’s motion which was for summary judgment on the issue of the father’s derivative abuse of the children Jacob A., Jaylee M., and Nugene A.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2010, the New York City Administration for Children’s Services (hereinafter the ACS) filed petitions pursuant to Family Court Act article 10, alleging, among other things, that the father sexually abused his stepdaughters Angelica M. and *804 Shaileen M. and derivatively abused his children Jacob A., Jaylee M., and Nugene A. In August 2011, the father was convicted of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]), rape in the second degree (Penal Law § 130.30 [1]), and endangering the welfare of a child (Penal Law § 260.10 [1]) (two counts) with respect to acts against Angelica M. and Shaileen M.
Thereafter, the ACS moved for summary judgment on the Family Court Act article 10 petitions, based upon the criminal convictions and the doctrine of collateral estoppel. The Family Court granted those branches of the motion which were for summary judgment on the issues of the father’s abuse of Angelica M. and Shaileen M., and the derivative abuse of Jacob A., Jaylee M., and Nugene A. The father appeals from so much of the order as granted that branch of the motion which was for summary judgment on the issue of the father’s derivative abuse of Jacob A., Jaylee M., and Nugene A.
The Family Court properly granted that branch of the motion of the ACS which was for summary judgment on the issue of the father’s derivative abuse. The ACS met its prima facie burden of showing that the doctrine of collateral estoppel is applicable (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of ldhailia P. [Philip S.P.], 95 AD3d 1333 [2012]; Matter of Ajay P. , 60 AD3d 681, 683 [2009]). “A determination in a criminal action may be given collateral estoppel effect in a Family Court proceeding where the identical issue has been resolved, and the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct” (Matter of Javon T., 64 AD3d 608, 608 [2009]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182-183; Matter of Yamillette G. [Marlene M.], 74 AD3d 1066, 1067 [2010]; Matter of Leon K. [Marilyn 0.], 69 AD3d 856, 857 [2010]; Matter of Ajay P., 60 AD3d at 683). The father’s convictions of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, rape in the second degree, and endangering the welfare of a child were based upon the same acts alleged to constitute sexual abuse as set forth in Family Court Act article 10 petitions (see Family Ct Act § 1012 [e] [iii]).
Moreover, the father’s convictions for sexual acts against Angelica M. and Shaileen M. established a fundamental defect in the father’s understanding of his parental duties relating to *805 the care of children and demonstrated that his impulse control was so defective as to create a substantial risk of harm to any child in his care. Accordingly, the ACS demonstrated, prima facie, that the other children were derivatively abused (see Family Ct Act §§ 1012 [e] [ii]; 1046 [a] [i]; see also Matter of Leah R. [Miguel RJ, 104 AD3d 774 [2013]; Matter of Daniel W., 37 AD3d 842 [2007]; Matter of Kristina R., 21 AD3d 560 [2005]; Matter of Tiffany AA., 268 AD2d 818, 820 [2000]; Matter of Amanda LL., 195 AD2d 708, 709 [1993]). In opposition, the father failed to raise a triable issue of fact as to either the collateral estoppel effect of his convictions or as to whether the other children were derivatively abused (see Matter of Idhailia R [Philip S.P.], 95 AD3d at 1335; Matter of Yamillette G. [Marlene M.], 74 AD3d at 1067; Matter of Ajay P., 60 AD3d at 683). Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.