*1068 In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffman, J.), dated September 5, 2012, as, upon an order of the same court dated August 1, 2012, granting the petitioner’s motion for summary judgment on the issues of whether she neglected the child Alexander C. and derivatively neglected the child Andrew C., placed her under the supervision of the Suffolk County Department of Social Services.
Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The motion of the Suffolk County Department of Social Services (hereinafter the DSS) for summary judgment on the issues of whether the mother neglected the child Alexander C. and derivatively neglected the child Andrew C. was properly granted under the doctrine of collateral estoppel (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]). The DSS met its prima facie burden by demonstrating that the mother was convicted, upon her plea of guilty, of reckless endangerment in the second degree, which was based on the same acts alleged in the Family Court Act article 10 petitions (see Matter of Idhailia P. [Philip S.P.], 95 AD3d 1333 [2012]; Matter of Javon T., 64 AD3d 608 [2009]). By engaging in those acts, the mother neglected the child Alexander C. (see Family Ct Act § 1012 [f]), and also derivatively neglected the child Andrew C. since such conduct demonstrated a fundamental defect in her understanding of her parental duties relating to the care of children (see Family Ct Act § 1046 [a] [i]; Matter of Ajay P., 60 AD3d 681, 683 [2009]). In opposition, the mother failed to raise a triable issue of fact as to either the issue of neglect or the issue of derivative neglect (see Matter of Idhailia P. [Philip S.P.], 95 AD3d at 1334-1335).
Contrary to the mother’s contention, viewed in totality, the record reveals that she received meaningful representation (see Matter of Marra v Hernandez, 102 AD3d 699, 700 [2013]).
The mother’s remaining contentions are without merit. Rivera, J.P., Balkin, Chambers and Sgroi, JJ., concur.