In the Matter of JOCELYN L. and Another, Children Alleged to be Neglected and/or Abused. ELIZABETH T. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [978 NYS2d 680]—

The court's respective findings of sexual abuse by respondent Oscar N. and of neglect as a result of excessive corporal punishment by respondent mother were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Dayanara V. [Carlos V.]*, 101 AD3d 411, 412 [1st Dept 2012]; *see also Matter of Joshua J.P. [Deborah P.]*, 105 AD3d 552 [1st Dept 2013]; *Matter of Afton C. [James C.]*, 17 NY3d 1, 9 [2011]). There is no basis to disturb the court's credibility determinations crediting the testimony given by Jocelyn, and discrediting the testimony given by the mother (*see Matter of Everett C. v Oneida P.*, 61 AD3d 489 [1st Dept 2009]; *Matter of Melind M. v Joseph P.*, 95 AD3d 553, 555 [1st Dept 2012]; *Matter of Aaron C. [Grace C.]*, 105 AD3d 548 [1st Dept 2013]). The court was also entitled to draw a negative inference from respondent Oscar N.'s failure to testify or present evidence (*see Matter of Eugene L. [Julianna H.]*, 83 AD3d 490 [1st Dept 2011]). Based on the social worker's opinion that Jocelyn's well-being would be severely compromised if she were required to testify in the respondents' presence, the court appropriately permitted Jocelyn to testify by closed circuit television (*see Matter of Giannis F. [Vilma C.—Manny M.]*, 95 AD3d 618 [1st Dept 2012]).

Moreover, the court's respective findings of derivative abuse and neglect with respect to Jennice were warranted under the circumstances (*see Matter of Amerriah S. [Kadiatou Y.]*, 100 AD3d 1006, 1007 [2d Dept 2012], *lv dismissed* 21 NY3d 884 [2013]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.