■ In the Matter of VIVIEN V. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLOS F., Appellant. (Proceeding No. 1.) In the Matter of WILLIAM F. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLOS F., Appellant. (Proceeding No. 2.) [989 NYS2d 101]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (IDV Part) (Crecca, J.), dated June 4, 2012, as granted that branch of the petitioner's motion which was for summary judgment on the issue of the father's derivative neglect of the subject child William F.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The father was convicted of sexual abuse in the third degree and endangering the welfare of a child in connection with the child Vivien V. The petitioner met its prima facie burden of showing that, by virtue of these convictions, the father was collaterally estopped from rebutting the allegations of sexual abuse that were set forth in the petitions in these child protective proceedings (*see* Family Ct Act § 1012 [e] [iii]; *Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]; *Matter of Ajay P.*, 60 AD3d 681, 683 [2009]). "A determination in a criminal action may be given collateral estoppel effect in a Family Court proceeding where the identical issue has been resolved, and the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct" (*Matter of Tyreek A. [Franklyn A.]*, 108 AD3d 527, 527-528 [2013] [internal quotation marks omitted]; *see Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d at 182; *Matter of Idhailia P. [Philip S.P.]*, 95 AD3d 1333, 1334 [2012]; *Matter of Ajay P.*, 60 AD3d at 683). Since the father's convictions of sexual abuse in the third degree and endangering the welfare of a child were based upon the same acts alleged to constitute sexual abuse, as set forth in the petitions, the doctrine of collateral estoppel was applicable here.

The father's convictions established a fundamental defect in his understanding of parental duties relating to the care of children. Accordingly, the petitioner demonstrated, prima facie, that the child William F. was derivatively neglected (*see* Family Ct Act § 1046 [a] [i]; *Matter of Idhailia P.*, 95 AD3d at 1334-1335).

In opposition to the petitioner's prima facie showings, the father failed to raise a triable issue of fact as to either the collateral effect of his convictions or as to whether William F. was derivatively neglected (*see Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d at 182; *Matter of Idhailia P.*, 95 AD3d at 1335). His submission of only an attorney's affirmation in opposition to the motion was insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]).

Accordingly, the Supreme Court properly granted that branch of the petitioner's motion which was for summary judgment on the issue of the father's derivative neglect of William F. Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.