Matter of Lea C. (Akil F.) (2018 NY Slip Op 02460)





Matter of Lea C. (Akil F.)


2018 NY Slip Op 02460


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-11149
2016-11152
2016-11153
2016-11154
 (Docket Nos. N-14251-15, N-14252-15)

[*1]In the Matter of Lea C. (Anonymous). Administration for Children's Services, petitioner- respondent; Akil F. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Keana C. (Anonymous). Administration for Children's Services, petitioner- respondent; Akil F. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Francine Shraga, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Julie Steiner of counsel), for petitioner-respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Akil F. appeals from (1) an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated May 31, 2016, (2) an order of the same court (Elizabeth Barnett, J.) dated August 1, 2016, (3) an order of disposition of the same court (Ben Darvil, Jr., J.) dated September 30, 2016, and (4) an order of protection of the same court (Ben Darvil, Jr., J.) dated September 30, 2016. The order dated May 31, 2016, insofar as appealed from, conditionally granted that branch of the petitioner's motion which was for summary judgment on the issue of whether the appellant abused the child Lea C. and derivatively abused the child Keana C., provided the petitioner could prove, at a hearing, that the appellant was a person legally responsible for the subject children. The order dated August 1, 2016, after a hearing, found that the appellant was a person legally responsible for the subject children and, pursuant to the order dated May 31, 2016, that he abused the child Lea C. and derivatively abused the child Keana C. The order of disposition, insofar as appealed from, after a dispositional hearing, directed the appellant to complete a sex offender treatment program and directed the issuance of an order of protection against the appellant and in favor of the subject children for a period of one year. The order of protection directed the appellant to stay away from the subject children until and including October 2, 2017.
ORDERED that the appeals from the orders dated May 31, 2016, and August 1, 2016, are dismissed, without costs or disbursements, as those orders were superseded by the order of disposition, and are brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
Although the order of protection has expired by its own terms, the appeal from the order of protection has not been rendered academic "given the totality of the enduring legal and reputational consequences" of the order of protection (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673).
On June 9, 2015, the Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that on or about May 13, 2015, the appellant abused Lea C. and derivatively abused Keana C. The appellant was subsequently arrested and indicted on charges of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, and endangering the welfare of a child, with each count of the indictment identifying Lea C. as the alleged victim. The appellant was subsequently convicted, upon a jury verdict, of course of sexual conduct against a child in the first degree.
Based upon the appellant's conviction, ACS moved, inter alia, for summary judgment on the issue of whether the appellant abused Lea C. and derivatively abused Keana C. The Family Court conditionally granted that branch of ACS's motion, provided ACS could prove, at a hearing, that the appellant was a person legally responsible for the children. After the hearing, the court found that the appellant was a person legally responsible for the children and, based on its prior determination, that the appellant abused Lea C. and derivatively abused Keana C. After a dispositional hearing, the court, inter alia, issued a stay-away order of protection against the appellant and in favor of the children and directed the appellant to complete a sex offender treatment program.
Contrary to the appellant's contention, the Family Court properly found that he was a person legally responsible for the care of the children within the meaning of the Family Court Act (see Family Ct Act § 1012[g]; Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004-1006; Matter of Yolanda D., 88 NY2d 790, 795-797; Matter of Angel R. [Syheid R.], 136 AD3d 1041, 1041).
The Family Court also properly granted that branch of ACS's motion which was for summary judgment on the issue of whether the appellant abused Lea C. and derivatively abused Keana C., since ACS met its prima facie burden of showing that the doctrine of collateral estoppel is applicable (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182; Matter of Ajay P., 60 AD3d 681, 683). A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182-183; Matter of Ajay P., 60 AD3d at 683; Matter of Doe, 47 AD3d 283, 285; Matter of Diana N., 34 AD3d 1058, 1059). The appellant's conviction of course of sexual conduct against a child in the first degree was based upon the same acts alleged in these proceedings. Furthermore, the appellant's conviction of the sex offense as to Lea C. established his derivative abuse of Keana C. because the acts underlying the sex offense demonstrated a fundamental defect in the appellant's understanding of parental duties (see Family Ct Act § 1046[a][i]; see also Matter of Ajay P., 60 AD3d at 683; Matter of Jasmine A., 18 AD3d 546, 547). The appellant failed to raise a triable issue of fact as to the identity of the issues in the criminal proceeding and the Family Court proceedings, or as to his opportunity to fully litigate the issues in the criminal proceeding (see Zuckerman v City of New York, 49 NY2d 557, 562).
" The paramount concern in a dispositional hearing is the best interests of the child. [*2]The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect'" (Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648, quoting Matter of Lemar H., 23 AD3d 383, 384). Here, the Family Court properly directed the appellant to complete a sex offender treatment program, and the evidence supported the issuance of an order of protection which was reasonably necessary to protect the children (see Matter of Amparo B.T. [Carlos B.E.], 118 AD3d 809, 812; Matter of Miloslau v Miloslau, 112 AD3d 632, 633; Matter of Caitlyn U., 48 AD3d 934, 935).
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court