Matter of Katherine U. (Jose U.) (2020 NY Slip Op 00066)





Matter of Katherine U. (Jose U.)


2020 NY Slip Op 00066


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


10730A 10730

[*1] In re Katherine U., A Child under Eighteen Years of Age, etc., Jose U., Respondent-Appellant, Administration for Children's Services Petitioner-Respondent.


Law Offices of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Alma M. Gómez, J.), entered on or about February 27, 2019, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about February 11, 2019, which found that respondent father sexually abused the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The court properly balanced respondent's due process rights with the child's emotional well-being in permitting the child to testify via closed-circuit television. Although the child was out of respondent's presence, she was visible and subject to contemporaneous cross-examination by respondent's counsel in consultation with respondent (see Matter of Moona C. [Charlotte K.], 107 AD3d 466 [1st Dept 2013]). The affidavit of the child's social worker was sufficient to establish that the child would suffer emotional harm if she were required to testify in open court (see Matter of Giannis F. [Vilma C.-Manny M.], 95 AD3d 618 [1st Dept 2012]).
Furthermore, prior to the conclusion of the fact-finding hearing, respondent was convicted after a jury trial of predatory sexual assault against a child, rape in the first degree, incest in the first degree, and two counts of sexual abuse in the second degree as against the child. Respondent had a full and fair opportunity to litigate the charges in the criminal action, at which the child testified in open court. The acts that respondent was convicted of fell squarely [*2]within the allegations in the sexual abuse petition, which collaterally estops respondent from rebutting the allegations of sexual abuse that were set forth in the petition (see Matter of Vivien V. [Carlos F.], 119 AD3d 596 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK