Matter of Jadeliz M. Q. (Steven Q.) (2022 NY Slip Op 05533)

Matter of Jadeliz M. Q. (Steven Q.)

2022 NY Slip Op 05533

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-04169
2021-04170
 (Docket No. N-25184-19)

[*1]In the Matter of Jadeliz M. Q. (Anonymous). Administration for Children's Services, respondent;
and
Steven Q. (Anonymous), appellant.

Michael E. Lipson, Jericho, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Jonathan Schoepp-Wong of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated May 21, 2021, and (2) an order of fact-finding of the same court, also dated May 21, 2021. The order, insofar as appealed from, granted that branch of the petitioner's motion which was for summary judgment finding that the father neglected the subject child. The order of fact-finding, insofar as appealed from, upon the order, found that the father neglected the subject child.
ORDERED that the order and the order of fact-finding are affirmed insofar as appealed from, without costs or disbursements.
In December 2018, the father was arrested and charged with various acts of domestic violence allegedly committed against the mother of the subject child. Subsequently, the Administration for Children's Services (hereinafter ACS) commenced this child protective proceeding against the father, alleging, inter alia, that he choked the mother in the child's presence.
In December 2019, the father was convicted, after a nonjury trial, of criminal obstruction of breathing, endangering the welfare of a child, attempted assault in the third degree, menacing in the third degree, harassment in the second degree, and two counts of criminal contempt in the second degree. Thereafter, ACS moved, inter alia, for summary judgment finding that the father neglected the child. In an order dated May 21, 2021, the Family Court, inter alia, granted that branch of the motion. In an order of fact-finding, also dated May 21, 2021, the court, among other things, found that the father neglected the child. The father appeals.
"'A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" [*2](Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093, quoting Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding (see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064; Matter of Sapphire G. [Samarj L.G.], 136 AD3d 687, 687).
The Family Court properly granted that branch of ACS's motion which was for summary judgment finding that the father neglected the child. ACS met its prima facie burden of demonstrating that the doctrine of collateral estoppel is applicable (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182; Matter of Ajay P., 60 AD3d 681, 683). A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182-183; Matter of Ajay P., 60 AD3d at 683, Matter of Doe, 47 AD3d 283, 285; Matter of Diana N., 34 AD3d 1058, 1059). In opposition, the father failed to raise a triable issue of fact.
The father's remaining contentions are either not properly before this Court (see Matter of Leo A.G.-H.B. [Natalie G.], 181 AD3d 599, 601) or without merit.
Accordingly, the Family Court properly found that the father neglected the child (see Matter of Cerise M. [Michael M.], 177 AD3d 743, 745).
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court