■ In the Matter of N. CHILDREN. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANGELA N., Appellant. [926 NYS2d 908]—

Contrary to its contention, the petitioner, Administration for Children's Services (hereinafter ACS), failed to establish its prima facie entitlement to judgment as a matter of law on the issue of neglect with respect to the subject children (*see* Family Ct Act § 1012 [f] [i]). In support of its motion, ACS included the evidence submitted at a hearing held pursuant to Family Court Act § 1028 (hereinafter the 1028 hearing). The evidence submitted at the 1028 hearing failed to establish that the mother neglected her children. Moreover, most of the evidence submitted by ACS at the 1028 hearing was hearsay. Although hearsay evidence is permitted in a 1028 hearing, it is not permitted in a fact-finding hearing (*see* Family Ct Act § 1046 [b] [iii]; [c]). Consequently, hearsay evidence cannot be the basis for granting summary judgment in lieu of a fact-finding hearing.

The Family Court did not err in denying the mother's cross motion for summary judgment dismissing the petition. A 1028 hearing occurs prior to discovery (*see* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1028, at 265). Under the facts of this case, the parties have not had the opportunity to prepare their cases, and they should be given the opportunity to do so. Rivera, J.P., Covello, Florio and Lott, JJ., concur.