■ In the Matter of ETHAN Z. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ZHEN C.Z., Appellant, et al., Respondent. In the Matter of SHYLA Z. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ZHEN C.Z., Appellant, et al., Respondent. [939 NYS2d 872]—

In two child protective proceedings pursuant to Family Court Act article 10, the father appeals (1) from a fact-finding order of the Family Court, Kings County (Hamill, J.), dated July 21, 2010, which granted the petitioner's motion for summary judgment on the issue of neglect and determined that the father had neglected the subject children, and (2), as limited by his brief, from so much of two orders of disposition (one as to each child) of the same court (Lim, J.), both dated October 18, 2010, as, upon the fact-finding order, inter alia, released the subject children to his and the mother's custody with supervision by the petitioner for a period of six months.

Ordered that the appeal from the fact-finding order is

dismissed, without costs or disbursements, as the fact-finding order was superseded by the orders of disposition and is brought up for review on the appeals from the orders of disposition; and it is further,

Ordered that the appeal from so much of the orders of disposition as released the subject children to the parents' custody with supervision by the petitioner for a period of six months is dismissed as academic, without costs or disbursements, as the period of supervised custody has expired; and it is further,

Ordered that the orders of disposition are reversed insofar as reviewed, on the law, without costs or disbursements, the petitioner's motion for summary judgment is denied, the fact-finding order is vacated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The petitioner, Administration for Children's Services (hereinafter ACS), failed to establish its prima facie entitlement to judgment as a matter of law on the issue of neglect with respect to the subject children (see Family Ct Act § 1012 [f] [i]; *Matter of N. Children [Angela N.]*, 86 AD3d 572 [2011]). In support of its petitions, ACS included the evidence submitted at a hearing held pursuant to Family Court Act § 1028 (hereinafter the section 1028 hearing). The evidence submitted at the section 1028 hearing failed to establish that the father neglected his children. Moreover, most of the evidence submitted by ACS at the section 1028 hearing was hearsay. Although hearsay evidence is permitted in a 1028 hearing, it is not permitted in a fact-finding hearing (see Family Ct Act § 1046 [b] [iii]; [c]). Consequently, hearsay evidence cannot be the basis for granting summary judgment in lieu of a fact-finding hearing (see *Matter of N. Children [Angela N.]*, 86 AD3d 572 [2011]). Under the facts of this case, the father has not had the opportunity to prepare his case, and he should be given the opportunity to do so (see *Matter of N. Children [Angela N.]*, 86 AD3d at 573). Accordingly, the Family Court erred in granting ACS's motion for summary judgment on the issue of neglect, and the matter must be remitted to the Family Court, Kings County, for further proceedings on the petitions. Dillon, J.P., Florio, Austin and Roman, JJ., concur.