In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Kings County (Grosvenor, J.), dated June 29, 2010, which, upon a decision of the same court dated June 29, 2010, made after a fact-finding hearing at which only the petitioner presented evidence, in effect, denied her motion to dismiss the petition, granted the petitioner’s cross motion for summary judgment on the petition, and found that she had neglected the subject child.
Ordered that the fact-finding order is modified, on the law, by deleting the provision thereof granting the petitioner’s cross *1055 motion for summary judgment on the petition, and substituting therefor a provision denying the cross motion, and deleting the finding that the mother had neglected the subject child; as so modified, the fact-finding order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a continued fact-finding hearing and a new determination; and it is further,
Ordered that pending final determination of the petition, the subject child shall remain in the custody of the father.
The fact-finding hearing in this child protective proceeding was held on two dates, October 28, 2009, and June 3, 2010. The petitioner, the Administration for Children’s Services (hereinafter the ACS), adduced the testimony of a police detective involved in an undercover “buy and bust” operation, who arrested the mother after receiving a radio transmission from undercover officers describing two suspects involved in the sale of narcotics. The detective testified that the mother fit the description of one of the suspects, described, inter alia, as a woman pushing a baby carriage with a baby inside. Upon arresting the mother, the detective recovered 10 glassine envelopes of heroin from a diaper bag placed on the bottom part of the baby carriage; the subject seven-month-old infant was in the top part of the carriage. In addition, the ACS established with a certificate of disposition that the mother was subsequently convicted, upon her plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree with intent to sell (see Penal Law §§ 110.00, 220.06 [1]). The court precluded the ACS from adducing evidence of the mother’s past misdemeanor convictions prior to the birth of the subject child, but ruled that the evidence could be used for impeachment purposes if the mother were to testify. The court took judicial notice of prior Family Court dispositions against the mother with respect to other children.
At the commencement of the proceedings on June 3, 2010, the attorney for the mother indicated that the mother anticipated testifying at the hearing. However, after the ACS rested its case, the mother’s attorney noted that there was insufficient time remaining in the day for the mother to present testimony and requested leave to file a written motion to dismiss on the ground that the ACS had failed to present a prima facie case. In granting that request, the Family Court Judge noted that, due to his retirement, his last day on the bench would be June 30, 2010, and therefore, a mistrial would be ordered in the event that the mother’s motion to dismiss was denied.
In her written motion, the mother contended that the evi *1056 dence presented by the ACS did not establish that she sold drugs to the undercover officer, who did not testify, and the evidence that she possessed heroin did not establish her participation in the sale; in any event, such possession did not establish actual or potential harm to the child sufficient to support a finding of neglect. The ACS opposed the motion and cross-moved for summary judgment on the petition, contending that the evidence adduced at the hearing eliminated all triable issues and established as a matter of law that the mother neglected the child. The mother opposed the cross motion on the merits without interposing any objection to the procedure employed by the ACS in filing a summary judgment motion mid-hearing, nor did she indicate that she wished to testify or that the fact-finding hearing must be continued. The Family Court denied the mother’s motion and granted the cross motion, finding that the mother neglected the subject child. The mother appeals, and we modify.
The Family Court properly denied the mother’s motion to dismiss the petition. Viewing the evidence in the light most favorable to the ACS and affording it the benefit of every inference which could be reasonably drawn from the evidence (see Matter of Christian Q., 32 AD3d 669, 670 [2006]), the ACS presented a prima facie case of neglect (see Family Ct Act § 1012 [f] [i] [B]; Matter of Evan E. [Lasheen E.], 95 AD3d 1114 [2012]; Matter of Paul J, 6 AD3d 709 [2004]).
However, the Supreme Court improperly granted the ACS’s cross motion for summary judgment on the petition under the facts and circumstances of this case. Although there is no express provision for summary judgment procedure in a Family Court Act article 10 proceeding, the act does provide that “the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved” (Family Ct Act § 165 [a]). Therefore, in an appropriate case, the Family Court may enter a finding of neglect on a summary judgment motion in lieu of holding a fact-finding hearing upon the petitioner’s prima facie showing of neglect as a matter of law and the respondent’s failure to raise a triable issue of fact in opposition to the motion (see Matter of Suffolk County Dept, of Social Servs. v James M., 83 NY2d 178, 182-183 [1994]).
Here, however, the ACS submitted an untimely cross motion for summary judgment in the midst of the fact-finding hearing after presenting its case and prior to the mother presenting a case or resting her case. Moreover, even if the ACS’s motion is deemed analogous to a motion for judgment during trial, such a motion should have been denied as premature, since such mo *1057 tions must be made “after the close of the evidence presented by an opposing party with respect to [the subject] cause of action or issue” (CPLR 4401). Although, in opposition to the cross motion, the mother did not actively seek continuation of the fact-finding hearing or object on the ground that the cross motion was procedurally improper or untimely, we do not deem these contentions waived in light of the Family Court Judge’s imminent retirement and statements implying that it was impossible for the mother to present a case. We conclude, therefore, that the Family Court should have denied the ACS’s motion outright as untimely and procedurally improper irrespective of its merit, since the mother had not been given the opportunity to present a case at the fact-finding hearing (cf. Matter of Ethan Z. [Zhen C.Z.], 93 AD3d 733 [2012]). Accordingly we remit the matter to the Family Court, Kings County, for a continued fact-finding hearing and a new determination. Angiolillo, J.P, Belen, Roman and Sgroi, JJ., concur.