In the Matter of BRANDIE B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BARRINGTON B., Appellant. (Proceeding No. 1.) In the Matter of BRIES B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BARRINGTON B., Appellant. (Proceeding No. 2.) In the Matter of NIA-SARAI B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BARRINGTON B., Appellant. (Proceeding No. 3.) In the Matter of GARNET B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BARRINGTON B., Appellant. (Proceeding No. 4.) [971 NYS2d 701]—

In four related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated February 3, 2012, which, upon an order of the same court (Lim, J.), dated March 31, 2011, granting the petitioner's motion for summary judgment on the issue of neglect and determining that he neglected the children Brandie B. and Bries B. and derivatively neglected the children Nia-Sarai B. and Garnet B., and after a dispositional hearing, inter alia, placed the subject children in the custody of the Commissioner of Social Services of the City of New York, to reside in foster care with the maternal grandmother until completion of the next permanency hearing. The appeal from the order of disposition brings up for review the order dated March 31, 2011.

Ordered that the order of disposition is reversed, on the law,

without costs or disbursements, the petitioner's motion for summary judgment is denied, the order dated March 31, 2011, is modified accordingly, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

"Although there is no express provision for a summary judgment procedure in a Family Court Act article 10 proceeding, the Act does provide that, in such cases, 'the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved' " (*Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994], quoting Family Ct Act § 165 [a]). "Summary judgment, of course, may only be granted in any proceeding when it has been clearly ascertained that there is no triable issue of fact outstanding; issue finding, rather than issue determination, is its function" (*Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d at 182). Here, in support of its motion for summary judgment on the issue of neglect, the petitioner included the evidence submitted at a hearing held pursuant to Family Court Act § 1028. At that hearing, the father testified and submitted other evidence on his behalf. Since the evidence submitted by the petitioner revealed questions of fact regarding the issue of neglect, the petitioner failed to establish its prima facie entitlement to judgment as a matter of law. Accordingly, the Family Court erred in granting the petitioner's motion for summary judgment on the issue of neglect, and the matter must be remitted to the Family Court, Kings County, for further proceedings on the petitions, including a fact-finding hearing, if warranted (*see Matter of Ethan Z. [Zhen C.Z.]*, 93 AD3d 733, 734 [2012]; *Matter of N. Children [Angela N.]*, 86 AD3d 572, 573 [2011]). Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.