OPINION OF THE COURT
Alma M. Gomez, J.
By notice of motion dated January 20, 2017, respondent paternal uncle, Adonis S. (Mr. S.), moved for summary judgment, pursuant to CPLR 3212, and dismissal of the pending neglect petition under Family Court Act § 1051 (c) as the aid of the court is no longer required. By a second notice of motion dated January 24, 2017, Mr. S. moved this court for a grant of summary judgment as to paragraph 4 (a) of the neglect petition. Likewise, by notice of motion dated January 27, 2017, Patricia W., respondent paternal grandmother (Ms. P.W.), moved the court to dismiss the neglect petition, pursuant to Family Court Act § 1051 (c), as the aid of the court is unnecessary. *993 Counsel for the Administration for Children’s Services (ACS) and the Legal Aid Society, as Attorney for the Child, filed affirmations in opposition to respondents’ motions. For the reasons set forth below, Mr. S.’s motions for summary judgment and dismissal of the neglect petition, and Ms. P.W.’s motion to dismiss the petition are denied.
Relevant Procedural History
On October 31, 2016, the Administration for Children’s Services commenced an article 10 proceeding on behalf of Donni-sha S. (Donnisha or subject child), against Patricia W., paternal grandmother, and Adonis S., paternal uncle.
The neglect petition alleges that both Ms. P.W. and Mr. S. are persons legally responsible for Donnisha’s care as defined by Family Court Act § 1012 (g). The petition also alleges that the respondents failed to provide the child with proper supervision or guardianship by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment. Specifically, the petition alleges that on October 28, 2016, Ms. P.W. admitted to child protective specialist (CPS) Angelica S. that on October 24, she directed Mr. S. to hit Donnisha four times on her leg with a belt. The petition further alleges that Mr. S., on the same date, informed CPS S. that on October 24, 2016, his mother directed him to hit Donnisha four times on her leg with a belt as she had stuck her fingers in a cake. Mr. S. reported that, on this date, he hit Donnisha four times on her leg with a belt. According to the petition, CPS S. observed Donnisha to have bruising and marks on her leg. Lastly, both respondents reportedly informed CPS S. that they will no longer care for the child, and no longer wish to have her reside in their home.
On October 31, 2016, Donnisha was remanded to the care and custody of the Commissioner. The court issued a restrictive placement order directing that Donnisha remain in the home of her maternal grandmother, Lori W. (Ms. W), where she had been placed on October 28, 2016. On November 4, 2016, Mr. S. appeared in court and Bronx Defenders was assigned to represent him in this proceeding. Ms. P.W. appeared on the same date and Jessica Brown, an attorney on the Assigned Counsel Panel (18B), was assigned to represent her. Counsel for the respondents accepted service of the petition and entered a denial of the allegations in the petition. Neither respondent sought visitation with Donnisha.
*994 On January 11, 2017, a preliminary conference was held and both respondents appeared with their attorneys. During the conference, the attorney for ACS indicated that the service plan for Ms. P.W. and Mr. S. consists of completion of a parenting skills course and supervised visitation with the subject child. Mr. S.’s attorney stated that it was Mr. S.’s understanding that a service plan for him was unnecessary as he was not serving in a parental role or planning for the child. Nevertheless, his attorney agreed to discuss the service plan with Mr. S. Counsel for Ms. P.W. indicated that Ms. P.W. disagreed with the service plan as she was not seeking visitation with the subject child, nor was she interested in a relationship with the subject child. At the time of the preliminary conference, the assigned ACS child protective specialist had not made referrals for either respondent because both respondents previously indicated that they were not interested in services or visitation with the subject child.
On January 20, 2017, Bronx Defenders, by notice of motion, moved the court to grant summary judgment, pursuant to CPLR 3212, to Mr. S. and dismiss the petition. In the alternative, Bronx Defenders moved for dismissal of the petition pursuant to Family Court Act § 1051 (c). Counsel for Mr. S. contends that summary judgment is appropriate because there is an undisputed factual record, and Mr. S.’s conduct did not fall below a minimum standard of care. Counsel argues in the alternative, dismissal, pursuant to Family Court Act § 1051 (c), is appropriate as the aid of the court is no longer required. On January 24, 2017, Bronx Defenders, by a second notice of motion, moved for a grant of summary judgment, pursuant to CPLR 3212, as to the allegation in paragraph 4 (a) of the neglect petition. Counsel asserts that this allegation was not addressed in the prior motion. Counsel contends that Mr. S. is entitled to summary judgment and dismissal of the allegation contained in paragraph 4 (a) as a matter of law as Mr. S. had no duty to provide care for or plan for the subject child. Mr. S. is not Donnisha’s parent, he does not possess legal custody or guardianship over Donnisha, nor has he held himself out as a functional parent.
Similarly, on January 27, 2017, Ms. Brown, on behalf of Ms. P.W., filed a notice of motion seeking dismissal of the neglect petition against her client pursuant to Family Court Act § 1051 (c). Ms. Brown argues that her client did not have legal authority over the subject child, nor does she wish to have the child *995 placed in her care in the future. Accordingly, the aid of the court is not required and the neglect petition against her should be dismissed.
On January 30, 2017, counsel for ACS filed response papers in opposition to Mr. S.’s motion for summary judgment and dismissal. Counsel for ACS submits there are many triable issues of fact outstanding, that Mr. S. has failed to proffer any admissible evidence in support of his motion, and the mere fact that Mr. S. does not wish to care for the subject child fails to obviate the need for a full trial on the merits. Counsel argues that, ACS, as the nonmoving party, must be given the most favorable inferences discernable, and the allegations contained in the neglect petition must be liberally construed in favor of the presentment agency. Further, the gravamen of counsel’s argument in opposition centers upon the notion that the aid of the court is required because should the court grant Mr. S.’s motion, on either of the two grounds, there would be no orders in place to ensure the child’s safety and permanency. Additionally, Mr. S.’s alleged conduct will go unpunished, thereby enabling Mr. S. to avail himself of privileges typically foreclosed to a respondent following a finding of neglect. On January 31, 2017, counsel for ACS filed response papers in opposition to Ms. P.W.’s motion to dismiss. Counsel’s arguments in opposition to Ms. P.W.’s application seeking dismissal, pursuant to Family Court Act § 1051 (c), bear no notably new or substantively dissimilar contentions than those advanced in opposition to Mr. S.’s application for dismissal on this ground.
On January 30, 2017, the Legal Aid Society filed response papers in opposition to Mr. S. and Ms. P.W.’s motions on behalf of the subject child, Donnisha. The Attorney for the Child first asks that the court disregard the contents of the motion filed by Mr. S. on January 24, 2017 as it was not timely filed. In addition, counsel for the child argues that summary judgment is appropriate in family court proceedings only when there has been a clear determination that there are no triable issues. Counsel questions Mr. S.’s assertions that there are no triable issues, and notes that Mr. S. has presented contradictory statements with respect to his role as a “functional parent” to Don-nisha, and any actions he may have taken in the exercise of that role or lack thereof. Counsel further disagrees with both respondents’ contention that the aid of the court is not required and asks that the court deny both motions. The Attorney for the Child argues that the aid of the court continues to be *996 required because the allegations in the petition are serious enough to warrant continuation of the proceedings. Moreover, the concerns raised by the petition remain. Lastly, the Attorney for the Child submits that dismissal of the petition would not be in Donnisha’s best interests as it would leave Donnisha, who is currently remanded, in a “legal limbo” as dismissal would result in her immediate discharge from foster care (see affirmation of Attorney for the Child Winder, dated Jan. 30, 2017 at 3, line 9).
In a surreply filed on February 2, 2017, counsel for Ms. P.W. asserts in her reply papers to ACS’s opposition, that the petitioner misunderstands the facts regarding the subject child’s legal status and has broadened the purpose of the Family Court Act. Ms. Brown questions the rationale behind ACS’s decision not to name Donnisha’s biological father, who by order of custody, is legally responsible for her care. Additionally, Ms. Brown cautions that the purpose of child protective proceedings is not to circumvent remedies available under other articles of the Family Court Act, namely, article 6, which relates to child custody matters.
Applicable Legal Standard
A. Motion for Summary Judgment
It is well settled that article 10 of the Family Court Act contains no express provision for the grant of summary judgment. However, Family Court Act § 165 (a) expressly provides “where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved” (Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; see also Matter of Kailynn I. [Rosalind L.], 52 Misc 3d 740, 745 [Fam Ct, Kings County 2016]). CPLR 3212 (a) states, in relevant part: “Any party may move for summary judgment in any action, after issue has been joined.” Such motion for “summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts” (CPLR 3212 [b]). An affidavit by respondent’s counsel which lacks personal knowledge of the facts in dispute lacks probative value and evidentiary significance (see Chiarini v County of Ulster, 9 AD3d 769, 770 [3d Dept 2004]).
*997 Courts have consistently held that the “[party] opposing [the] motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, the evidence submitted in support of a motion for summary judgment or in opposition must be independently admissible subject to the applicable rules of evidence in child protective proceedings (see Family Ct Act §§ 1046 [b] [iii] [“only competent, material and relevant evidence may be admitted” at the fact-finding stage of a child protective proceeding]; 1046 [c]; see also Matter of N. Children [Angela N.], 86 AD3d 572, 573 [2d Dept 2011]).
While summary judgment is available in child protective proceedings, it is not often employed despite its potential utility in expeditiously resolving matters lacking genuine issues of fact without needless litigation. “Summary judgment . . . may only be granted in any proceeding when it has been clearly ascertained that there is no triable issue of fact outstanding; issue finding, rather than issue determination, is its function” (Matter of Suffolk County Dept, of Social Servs. v James M., 83 NY2d at 182). Hence, when the factual circumstances are not in dispute, summary judgment should be considered to the extent appropriate (see Matter of Myriam L., 17 Misc 3d 1125[A], 2007 NY Slip Op 52147[U], [Fam Ct, Kings County 2007], citing Andre v Pomeroy, 35 NY2d 361, 364 [1974] [“Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law”]). Accordingly, the courts have recognized that summary judgment is “the procedural equivalent of a trial” (Matter of Elizeo C., 19 Misc 3d 1112[A], 2007 NY Slip Op 52546[U], *2 [Fam Ct, Kings County 2007]).
B. Motion to Dismiss Pursuant to Family Court Act § 1051 (c)
Family Court Act § 1051 (c) permits the court to dismiss a neglect petition if facts sufficient to sustain the petition are not established, and in a case of alleged neglect, where the aid of the court is not required on the record before it. Whether the aid of the court is required lies within the discretion of the court. The statute sets forth no specific requirements the court must consider before making such a determination. However, the Family Court’s central purpose is the protection of children from physical, mental or emotional harm (see Family Ct Act § 1011). Although this provision has been contained in the Family Court Act since its initial passage in 1962, such motions are not frequently granted.
*998 In Matter of Jonathan M., the Appellate Division, Second Department, stated, “Only at the conclusion of a fact-finding hearing can the Family Court dismiss the petitions upon determining that its aid is not required on the record before it and, in that event, it must state on the record the ground(s) for dismissal” (Matter of Jonathan M., 306 AD2d 413, 414 [2d Dept 2003]).
The statute is void of any language which would suggest that an application, pursuant to Family Court Act § 1051 (c), can only be granted prior to a fact-finding hearing. The court recognizes that there are a limited number of cases where dismissal of a neglect petition, pursuant to Family Court Act § 1051 (c), has been granted in the absence of some form of ev-identiary hearing (see Matter of Kailynn I. [Rosalind L.], 52 Misc 3d 740, 750 [Fam Ct, Kangs County 2016] [court denied respondent’s motion for summary judgment, but granted respondent’s motion, pursuant to Family Court Act § 1051 (c), finding that the aid of the court was no longer required given that the respondent had actively participated in services, and there were no ongoing safety concerns]; see also Matter of Angel R., 285 AD2d 407, 407 [1st Dept 2001]). However, there is no authority controlling upon this court compelling it to be so guided.
The case of Matter of Angel R. presents a uniquely distinguishable framework for this court. The facts presented by Angel R. appear limited to the particular facts of that case. The court’s rationale for dismissing the case was premised upon the court’s determination that two of the subject children were outside of the court’s jurisdiction in Puerto Rico, and the youngest child named in the petition was already under the supervision of the presentment agency (id.). Given the scenario presented by the facts of that case, it is unclear what suitable dispositional order could have been entered following a fact-finding hearing on the article 10 matter.
A review of the limited existing case law shows that the dis-positive issue in these cases, in part, is whether the facts and circumstances establish that there is a likelihood of present or future neglect. In order to answer that question, those courts have considered a number of overlapping factors, including but not limited to, the nature of the original allegations, whether the underlying problems have been resolved and whether the respondent has complied with and completed all recommended services (see Matter of Robert W. [Francine H.], 30 Misc 3d *999 1231 [A], 2011 NY Slip Op 50304[U], *12 [Fam Ct, Kings County 2011]).
In Matter of Lewis T. (249 AD2d 646, 647 [3d Dept 1998]), the court dismissed a neglect petition under Family Court Act § 1051 (c), holding that the aid of the court was unnecessary in light of a prior court order that granted the non-respondent father sole legal custody of the children. However, the Appellate Division, Third Department, reversed the Family Court order, and reinstated the petition ruling that the custody order alone was “insufficient to protect the children” (id.). The Court held that “ [notwithstanding Family Court’s laudable desire to avoid unnecessary proceedings, by dismissing the petition it was unable to consider any alternative or additional disposi-tional remedies which may be warranted in the children’s best interest that are not provided for under the prior custody order” (Matter of Lewis T, 249 AD2d at 647). The Court, as well, acknowledged that adjudicating the neglect petition serves to ensure the safety of the subject children. The Court found that “[e]ven if, upon a current assessment of the children’s conditions and needs, no ‘new’ remedies need be included in the dispositional order, the finding of neglect would at least remain intact against respondent, which might prove significant in potential future proceedings” (id. at 647, citing Matter of James HH., 234 AD2d 783 [3d Dept 1996]; see also Matter of Jessica S., 13 Misc 3d 505, 510-511 [Fam Ct, Kings County 2006] [respondent argued that aid of the court was not required because he had no proven paternity rights to the child]).
The Record before the Court
The record before the court consists of the neglect petition, a sworn affidavit by Mr. S., ACS investigation progress notes, three color photographs, a report from ACS dated January 10, 2017, and a report from ACS dated January 11, 2017 (respondent S.’s motion to dismiss, exhibits A-F). The sworn affidavit of Patricia W. was attached to respondent P.W.’s motion to dismiss.
Counsel for ACS did not provide exhibits or records in the form of an affidavit from the child protective specialist investigating the case or any of the potential police witnesses mentioned in counsel’s affirmation for the court’s consideration. The attorney for the subject child, as well, did not submit any documentary evidence or sworn statements for the court’s consideration.
*1000 Decision
A. Mr. S.’s Motion for Summary Judgment
Viewing Mr. S.’s motion for summary judgment in the light most favorable to the nonmoving party, the court finds that despite the presentment agency’s failure to proffer any evidence in support of its contention that there are numerous triable issues, Mr. S.’s motion must be denied.
While it appears that Mr. S. disputes the merits of the allegations against him, as he claims that his conduct failed to fall below a minimum standard of care, no admissible evidence was presented upon which the court could reasonably conclude that there are no triable issues of fact. The ACS progress notes and court reports annexed to Mr. S.’s motion were not presented in a properly authenticated form. Therefore, this court could not assign any evidentiary value to these records. Additionally, the photographs attached to the motion lacked proper authentication and could not be identified as related to the matter independent from counsel’s affirmation. Thus, the court was essentially provided with an affirmation by Mr. S.’s attorney in support of the motion and Mr. S.’s own affidavit when considering the merits of the application. Based on the information gleaned from these two documents, together with the Attorney for the Child’s opposition and the agency’s opposition, there is an insufficient basis upon which this court can conclude that there are no triable issues of fact.
As a threshold matter, Mr. S. essentially denies that he is a person legally responsible for Donnisha’s care, which is a fact-specific triable issue. Likewise, Mr. S. contends that the conduct alleged in the petition, striking Donnisha with a belt only four times causing injury, does not fall below a minimum degree of care. Whether his use of corporal punishment rises to the level of what can be legally deemed excessive under the law is a mixed question of fact and law. The court must also consider whether respondent’s use of physical force was a single isolated instance or if respondent regularly used physical force on Donnisha. Moreover, whether or not a child is neglected is both a legal and factual determination solely within this court’s purview. The court is cognizant of the fact that the powers of the Family Court under article 10 are intended to be quite broad. The statute is designed to “help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being” (Family Ct Act § 1011). While the petitioner has the burden of proving neglect by a
*1001 preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Aaliyah Q., 55 AD3d 969, 970 [3d Dept 2008]; Matter of Chelsea BB., 34 AD3d 1085, 1087 [3d Dept 2006], lv denied 8 NY3d 806 [2007]), it is not required “to show actual physical injury or impairment to [the child], as the showing of‘imminent danger’ of harm or impairment suffice [s] to establish that [the] child was a neglected child” (Matter of Collin H., 28 AD3d 806, 809 [3d Dept 2006], quoting Family Ct Act § 1012 [f] [i] [B]).
Accordingly, the neglect petition as it relates to Mr. S., in this court’s view, raises both factual and legal issues which cannot be summarily resolved without a hearing. As the evidence submitted by Mr. S. does reveal questions of fact, Mr. S. has failed to establish his prima facie entitlement to summary judgment as a matter of law. For these reasons, after full consideration of counsels’ oral arguments, review of the motion papers and replies in opposition, Mr. S.’s motion for summary judgment is denied.
B. Mr. S.’s and Ms. P.W.’s Motions for Dismissal
The record before the court is presently limited and void of any information upon which the court can soundly conclude that its aid is no longer required. There is no evidence in the “record” to support the respondents’ contentions that the court’s aid is no longer required. The subject child is presently remanded and placed in the care of her maternal grandparent. Neither respondent has taken remedial action to address the concerns leading to the filing of the neglect petition; therefore, the court is unable to say that the risk of harm or potential risk of harm to this child has passed (see Matter of Julissa P. [Lisa C.], 52 Misc 3d 382, 387 [Fam Ct, Bronx County 2016], citing Matter of J.H., 15 Misc 3d 111 [A], 2007 NY Slip Op 50587 [U] [Fam Ct, Bronx County 2007]).
The attorney for Donnisha and ACS present a cogent and legitimate challenge to dismissal of this matter before completing a fact-finding hearing. However, “dismissal is a harsh remedy which ought not to be imposed without the utmost caution. This is particularly true in abuse and neglect proceedings where the consequences of improvident dismissal may be deleterious to the welfare of the children in whose behalf the proceedings are brought” (Matter of Shevon C., 163 AD2d 14, 15 [1st Dept 1990]; see also Matter of Jasmine S., 1 AD3d 257, 259 [1st Dept 2003]). Here, Donnisha still requires the court’s protection.
Additionally, the allegations, if proved, resulted in significant injury to the subject child. Dismissal of the petition pre-fact- *1002 finding would deprive ACS of the opportunity to present its case, and prove the allegations in the petition. To fully and fairly adjudicate the merits of the allegations in the neglect petition, and ultimately the need for the court’s continued aid, the court record must contain evidence sufficient to resolve any questions of fact. Moreover, the court does not believe that the law permits dismissal in this case, pursuant to Family Court Act § 1051 (c), in the absence of a hearing challenging the merits of the allegations in the petition (see Matter of Eustace B. [Shondella M.], 76 AD3d 428 [1st Dept 2010]). For these reasons, Mr. S.’s and Ms. P.W.’s applications for dismissal based on Family Court Act § 1051 (c) are also denied.
Conclusion
To reiterate, consideration of the factors necessary to sustain a motion for dismissal of the neglect petition under either CPLR 3212 or Family Court Act § 1051 (c) in light of the facts of this case leads the court to conclude that dismissal of the petition filed against the respondents is unwarranted. This decision, however, does not preclude renewal of an application, pursuant to Family Court Act § 1051 (c), by respondents’ counsel upon the conclusion of an evidentiary hearing.