Matter of Joseph Z. (Yola Z.) (2019 NY Slip Op 04957)





Matter of Joseph Z. (Yola Z.)


2019 NY Slip Op 04957


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-03405
 (Docket No. N-6216-16)

[*1]In the Matter of Joseph Z. (Anonymous). Administration for Children's Services, petitioner-respondent; Yola Z. (Anonymous), appellant, et al., respondent.


Melissa C. R. Chernosky, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Yasmin Zainulbhai of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Raymond E. Rogers, and Amy Serlin of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an amended order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated March 14, 2018. The amended order, insofar as appealed from, granted that branch of the petitioner's motion which was for summary judgment against the mother on the issue of neglect of the subject child.
ORDERED that the amended order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petitioner's motion which was for summary judgment against the mother on the issue of neglect of the subject child is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
"[I]n an appropriate case, the Family Court may enter a finding of neglect on a summary judgment motion in lieu of holding a fact-finding hearing upon the petitioner's prima facie showing of neglect as a matter of law and the respondent's failure to raise a triable issue of fact in opposition to the motion" (Matter of Giovanni S. [Jasmin A.], 98 AD3d 1054, 1056; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183; Matter of Alicia P. [Gregory P.], 123 AD3d 1135, 1135; Matter of Christopher Anthony M., 46 AD3d 896). "Summary judgment, of course, may only be granted in any proceeding when it has been clearly ascertained that there is no triable issue of fact outstanding; issue finding, rather than issue determination, is its function" (Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182).
Here, in support of that branch of its motion which was for summary judgment against the mother on the issue of neglect of the subject child, the petitioner included the evidence submitted at a hearing held pursuant to Family Court Act § 1028. At that hearing, the mother, who is deaf and communicated through a sign language interpreter, gave various explanations for the scratches and other marks on the child's skin. The mother testified that she had difficulty controlling the child, who has been diagnosed with attention deficit hyperactivity disorder and oppositional defiant disorder, and that she accidentally scratched the child while trying to restrain him. Under [*2]these circumstances, the evidence at the hearing revealed triable issues of fact as to whether the mother neglected the child.
Accordingly, the Family Court should have denied that branch of the petitioner's motion which was for summary judgment against the mother on the issue of neglect, and we remit the matter to the Family Court, Kings County, for further proceedings on the petition (see Matter of Brandie B. [Barrington B.], 109 AD3d 987, 988; Matter of Ethan Z. [Zhen C.Z.], 93 AD3d 733, 734).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court