■ In the Matter of Baby Girl F., a Child Alleged to be Neglected. William S., Appellant; Commissioner of the Administration for Children's Services of City of New York, Respondent. [716 NYS2d 674] —In a neglect proceeding pursuant to Family Court Act article 10, the father appeals from so much of (1) a fact-finding order of the Family Court, Kings County (Segal, J.), dated May 22, 1997, as, upon the granting of the motion for summary judgment of the Commissioner of the Administration for Children's Services of the City of New York, found that he had neglected the child, Baby Girl F., and (2) a dispositional order of the same court, dated February 18, 1998, as, upon the fact-finding order, determined that the subject child was neglected by the appellant and placed the child in foster care with the Administration for Children's Services of the City of New York for a period of one year.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the dispositional order dated February 18, 1998; and it is further,

Ordered that the appeal from so much of the dispositional order as placed the child in foster care for one year is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the dispositional order is affirmed insofar as reviewed, without costs or disbursements.

The father's appeal from so much of the order of disposition as placed the child in foster care with the Administration for Children's Services must be dismissed as academic because that order expired by its own terms on February 18, 1999 (*see, Matter of Octavia S.,* 255 AD2d 316). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in potential future proceedings. Therefore, the appeal from so much of the order of disposition as determined that the child

was neglected by the father is not academic (*see, Matter of Eddie E.,* 219 AD2d 719; *Matter of H. Children,* 156 AD2d 520).

To obtain summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of a material issue of fact (*see, Matter of Suffolk County Dept. of Social Servs. v James M.,* 83 NY2d 178; *Zuckerman v City of New York,* 49 NY2d 557). Under the circumstances of this case, the Commissioner of the Administration for Children's Services of the City of New York (hereinafter the Commissioner) met the burden of demonstrating that the appellant failed to plan for the safety of his daughter, Baby Girl F., despite being aware that the mother, Pamela F., was previously adjudicated a physically abusive parent stemming from her conviction of reckless endangerment in the first degree with respect to her other child (*see,* Family Ct Act § 1012 [f] [i] [B]; *Matter of Trina Marie H.,* 48 NY2d 742; *Matter of Arthur C.,* 260 AD2d 478). This shifted the burden to the appellant to submit admissible evidence to create a triable issue regarding his neglect of "Baby Girl" F. (*see, Zuckerman v City of New York, supra*). The appellant's proof in opposition to the Commissioner's motion consisted of speculation and unsubstantiated assertions and, therefore, was insufficient to defeat the motion (*see, Zuckerman v City of New York, supra*).

Accordingly, the Family Court properly granted the Commissioner's motion for summary judgment finding that the appellant neglected Baby Girl F. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.