■ In the Matter of BETHANIE AA. and Others, Children Alleged to be Abused and/or Neglected. COLUMBIA COUNTY DEPART-

MENT OF SOCIAL SERVICES, Respondent; JOHN BB., Appellant, et al., Respondent. [866 NYS2d 372]—

Kavanagh, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered June 28, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent John BB. (hereinafter respondent) and respondent Lisa BB. (hereinafter the mother) are married and have one child together, Breanna BB. (born in 1993). Respondent is also the stepfather of the mother's two other children, David AA. (born in 1991) and Bethanie AA. (born in 1988), and has resided with the family since Bethanie was approximately four years old.

When Bethanie was 17 years old, petitioner was informed that she was pregnant. Respondent was suspected of being the father of Bethanie's unborn child and, as a result, an abuse and/or neglect petition was filed against both respondent and the mother on behalf of all three children.[1] The petition also alleged that Bethanie had been sexually abused by her stepgrandfather (respondent's father) and that respondent and the mother, despite being aware of the circumstances surrounding that abuse, failed to take appropriate action. After a hearing, Family Court found that respondent had neglected Bethanie and derivatively neglected David and Breanna.[2] Respondent appeals and we affirm.

As pertinent here, " '[a] party seeking to establish neglect

---

1. Petitioner previously filed an original petition and amended petition, which alleged that respondent, as a person legally responsible for Bethanie's care, "committ[ed] or allow[ed] to be committed an offense against such child defined in [Penal Law article 130]" by having sexual intercourse with Bethanie (Family Ct Act § 1012 [e] [iii]). Respondent moved to dismiss the petition and amended petition and Family Court granted the motion, finding that because Bethanie was 17 years old at the time respondent had sexual intercourse with her, there was no criminal offense and, therefore, Family Ct Act § 1012 (e) (iii) could not be used as a basis for an abuse finding. After this dismissal, petitioner filed the amended petition at issue here.

2. The mother accepted an offer of an adjournment in contemplation of dismissal.

must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (*Matter of Viveca AA.*, 51 AD3d 1072, 1072 [2008], quoting *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see* Family Ct Act § 1012 [f] [i]). "[P]arental behavior must be evaluated 'objectively,' in light of whether 'a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances then and there existing' " (*Matter of Rebecca KK.*, 51 AD3d 1086, 1087 [2008], quoting *Nicholson v Scoppetta*, 3 NY3d at 370).

Family Court found that respondent not only had sexual intercourse with Bethanie, but also that he failed to take appropriate action upon learning of the abuse of her by respondent's father, and, as a result, placed Bethanie in imminent danger of being harmed. Specifically, it found that when Bethanie was approximately 15 years old, respondent was told by Breanna that she had witnessed Bethanie and her grandfather alone in a room and, at the time, Bethanie was pulling on her pants while the grandfather was lying in the bed naked. When respondent later attempted to question Bethanie about the incident, she told him to "drop it," and he failed to make any further inquiry or take any other action. In addition, Holly Martin, a child protective case worker, testified that respondent admitted to her that Bethanie had sexual intercourse on two or three separate occasions with his father but that respondent not only did not discuss this abuse with the child's mother or report it to the police, he acknowledged not taking Bethanie to a physician or seeking any form of counseling for her. Simply stated, respondent has totally failed to satisfy his parental responsibilities toward Bethanie, and has not provided her with proper supervision and guidance (*see Matter of Amanda M.*, 28 AD3d 813, 815 [2006]).

Moreover, with respect to his own conduct, respondent testified that he lived with Bethanie and her mother since Bethanie was about four years old, and he has raised her as his daughter. Despite this relationship, respondent admitted to having sexual intercourse with this child on two separate occasions. While this type of conduct may not measure up to the statutory definition of a criminal sexual assault, it constitutes conduct which, by any reasonable measure, is grossly inappropriate and, at the very minimum, supports the conclusion that respondent is guilty

of neglecting his parental responsibilities as they affect this child (*see Matter of Krista LL.*, 46 AD3d 1209, 1210 [2007]).

Moreover, respondent's actions as to Bethanie provide ample support for Family Court's finding that he derivatively neglected the two other children located in the household, Breanna and David. Despite being aware that his father had a sexual relationship with Bethanie, and the threat implicit that such a relationship posed to the other children living in the household, respondent failed to take appropriate action to ensure these children's protection and well-being. In fact, according to Breanna, respondent sought to cover up his father's misconduct by telling her not to disclose to anyone what she had observed occurring between Bethanie and her grandfather. In addition, Family Court found that under all of the circumstances, Breanna would have ultimately discovered the sexual nature of respondent's relationship with Bethanie, and that reality carried with it consequences for Breanna which were clearly inimical to her physical, mental and emotional condition. Moreover, respondent's admitted sexual activities with Bethanie have clearly compromised Breanna's relationship with him and have demonstrated that he is not fit to serve in any parental capacity. All things considered, respondent has demonstrated that his judgment as a parent is so significantly impaired and fundamentally flawed that it created a substantial risk of harm to Breanna and David (*see Matter of Blaize F.*, 50 AD3d 1182, 1184 [2008]; *Matter of Ian H.*, 42 AD3d 701, 704 [2007], *lv denied* 9 NY3d 814 [2007]; *Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]; *Matter of Tiffany AA.*, 268 AD2d 818, 819-820 [2000]; *Matter of Nathaniel TT.*, 265 AD2d 611, 614 [1999], *lv denied* 94 NY2d 757 [1999]; *see also* Family Ct Act § 1046 [a] [i]).

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.