■ In the Matter of Majerae T. Erie County Department of Social Services, Respondent; Crystal T., Appellant. [902 NYS2d 758]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered May 13, 2009 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, granted the motion of petitioner for summary judgment and adjudged that the subject child is a neglected child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Following the termination of the parental rights of respondent mother with respect to her older child on the ground of mental illness, petitioner moved for summary

judgment on its neglect petition with respect to the mother's younger child pursuant to Family Court Act § 1012 (f) (i). Petitioner contended that the reasoning for terminating the mother's parental rights with respect to the older child applied equally to the neglect petition concerning the younger child. Family Court granted the motion and placed the child in the care and custody of petitioner for a period of one year.

The mother contends on appeal that there are issues of fact concerning whether her younger child was neglected by virtue of the mother's mental condition and thus that summary judgment on the neglect petition was inappropriate. We reject that contention. At the hearing conducted on the issue whether to terminate the mother's parental rights with respect to the older child, petitioner presented evidence establishing that the mother previously was diagnosed as having bipolar disorder, attention deficit disorder, posttraumatic stress disorder, reactive attachment disorder and psychotic disorder "not otherwise specified." Petitioner further established that the mother suffers from a thyroid condition and lead poisoning, that she possibly suffers from a form of autism, and that she is presently dependent on marihuana. In addition, petitioner established that the mother does not follow medical advice, does not take the medication that is prescribed for her, and has not completed the various mental health, substance abuse and anger management treatment programs that petitioner arranged for her to attend. She is also aggressive and has threatened to "blow up" Child and Family Services. In the opinion of the court-appointed psychologist assigned to evaluate the mental health of the mother and her ability to parent, the mother is unable to care for her own needs and is unable to meet the needs of any child placed in her care. The court was entitled to credit that opinion (*see Matter of Shahida M.*, 59 AD3d 976 [2009], *lv denied* 12 NY3d 708 [2009]). We conclude that the evidence before the court with respect to the older child "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [her] care" (*Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]; *see Matter of Jovon J.*, 51 AD3d 1395, 1396 [2008]; *Matter of Hannah UU.*, 300 AD2d 942, 944 [2002], *lv denied* 99 NY2d 509 [2003]). Thus, the court properly determined that petitioner was entitled to summary judgment on the neglect petition concerning the younger child.

We reject the mother's contention that the record contains triable issues of fact that preclude summary judgment. Specifically, the mother contends that the court erred in relying on the court-ordered psychological evaluation and in failing to take

into consideration her statement to a social worker that she was seeing a mental health provider. We reject that contention. In view of the failure of the mother to meet with the psychologist in order to be evaluated, the psychologist was entitled to rely on her medical, psychological, educational and agency records in determining whether she was able to parent her children (see Social Services Law § 384-b [6] [e]). Although some of those records were prepared six years prior to the date on which the hearing was conducted, the date on which those records were prepared does not create an issue of fact with respect to the mother's mental condition at the time of the hearing inasmuch as the psychologist based his report on all of the mother's records, which included more recent psychological records, records from petitioner, and records from the aforementioned treatment programs that the mother failed to complete. In addition, the mother's condition is longstanding and developmental in nature, and there is no evidence in the record that the mother's condition has ever changed. Finally, the statement by the mother to a social worker during the initial investigation of the neglect petition concerning the younger child that the mother was seeing a mental health provider is unsubstantiated, and thus is insufficient to raise a triable issue of fact to defeat petitioner's motion (see Matter of Scott JJ., 280 AD2d 4, 6-7 [2001]; Matter of Baby Girl F., 277 AD2d 235, 236 [2000]; Matter of Jimmy A., 218 AD2d 734 [1995]). Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.