SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

554
CAF 12-00301
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF ROMAN E.A.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,                    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DANIELLE M., RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered January 10, 2012 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred guardianship and custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order of fact-finding determining that the child who is the subject of this proceeding pursuant to Social Services Law § 384-b is the child of a mentally ill parent. That order is not appealable as of right (*see* Family Ct Act § 1112 [a]), and the mother has not sought permission to appeal therefrom. We therefore dismiss the appeal from the order in appeal No. 1 (*see Matter of Roy D.*, 207 AD2d 958, 958-959). We note, however, that the mother's appeal from the dispositional order in appeal No. 2 brings up for review the propriety of the fact-finding order in appeal No. 1 (*see Matter of Atreyu G. [Jana M.]*, 91 AD3d 1342, 1342, *lv denied* 19 NY3d 801).

In appeal No. 2, the mother appeals from an order transferring her guardianship and custody rights to petitioner. Contrary to the mother's contention, we conclude that "petitioner met its burden of proving by clear and convincing evidence that [the mother], by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for her child[ ]" (*Matter of Jessica N.*, 265 AD2d 800, 800, *lv denied* 94 NY2d 758; *see* Social Services Law § 384-b [4] [c]; [6] [a]; *Matter of Charity A.*, 38 AD3d

1276, 1276). The psychologist appointed by Family Court testified that the mother has schizophrenia, paranoid type. He characterized her prognosis as "bleak" based upon her lack of insight into her illness (*see Matter of Victoria Lauren W.*, 15 AD3d 165, 165) or her need for treatment (*see Jessica N.*, 265 AD2d at 801), and her refusal to take prescribed medication (*see Matter of Vincent E.D.G. [Rozzie M.G.]*, 81 AD3d 1285, 1285, *lv denied* 17 NY3d 703). The psychologist further concluded that if the child were returned to the mother he would be at imminent risk of harm (*see Matter of Corey UU.*, 85 AD3d 1255, 1257, *lv denied* 17 NY3d 708; *Jessica N.*, 265 AD2d at 801). The court therefore properly granted the petition and terminated the mother's parental rights.