Matter of Kai G. (Amanda G.) (2021 NY Slip Op 04682)





Matter of Kai G. (Amanda G.)


2021 NY Slip Op 04682


Decided on August 12, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:August 12, 2021

529550
[*1]In the Matter of Kai G. and Others, Alleged to be Abused and Neglected Children. Schenectady County Department of Social Services, Respondent; Amanda G., Appellant. (Proceeding No. 1.)
In the Matter of Kai G. and Others, Alleged to be Abused and Neglected Children. Schenectady County Department of Social Services, Respondent;
Robert H., Appellant. (Proceeding No. 2.)

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Veronica Reed, Schenectady, for Amanda G., appellant.
Sandra M. Colatosti, Albany, for Robert H., appellant.
Schenectady County Department of Social Services, Schenectady (Michael R. Godlewski of counsel), for respondent.
Nicole R. Rodgers, Saratoga Springs, attorney for the children.
Rebecca M. Bauscher, Albany, attorney for the child.
Karen R. Crandall, Schenectady, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered July 3, 2019, which, in two proceedings pursuant to Family Ct Act article 10, granted motions by petitioner and certain attorneys for the children for summary judgment adjudicating the subject children to be abused and neglected.
These abuse and neglect proceedings involve six children (born in 2006, 2012, 2013, 2015, 2017 and 2018). Respondent Amanda G. (hereinafter the mother) is the mother of all but the youngest child, and respondent Robert H. (hereinafter the father) is a person legally responsible for the oldest child (see Family Ct Act § 1012 [g]) and the father of the other five children.[FN1] The oldest child is the mother of the youngest child.
On November 15, 2018, roughly two weeks before her twelfth birthday, the oldest child gave birth to the youngest child. The mother and the father thereafter consented to the temporary removal of all six children. The children were placed in the care and custody of petitioner, which then commenced these abuse and neglect proceedings alleging, among other things, that the father had engaged in sexual intercourse with and impregnated the oldest child, that the mother knew or should have known that the father engaged in sexual intercourse with the oldest child and that the father and the mother had failed to provide the oldest child and the youngest child with necessary medical care. The mother and the father subsequently revoked their consent to the temporary removal of the children, and Family Court conducted a hearing pursuant to Family Ct Act § 1028 over 16 nonconsecutive days. On the sixteenth day of the hearing, after petitioner rested but before any other party presented proof, the hearing was adjourned to allow the oldest child to meet with an independent medical professional who could opine as to the plausibility that she was impregnated through means other than sexual intercourse. The hearing, however, was never completed, as the mother and the father withdrew their requests for a Family Ct Act § 1028 hearing.[FN2]
In April 2019, based upon testimony given by the father and the mother at the Family Ct Act § 1028 hearing, as well as a certified DNA report demonstrating a greater than 99.99% probability of the father's paternity of the youngest child, the attorney for the youngest child moved for summary judgment against the father and the mother. Thereafter, in June 2019, petitioner filed amended abuse and neglect petitions against the mother and the father, which incorporated new allegations based upon testimony given by the mother and the father at the Family Ct Act § 1028 hearing. The amended petitions alleged that the mother and the father "allowed and fostered an inappropriate sexualized adult home environment for the children." At a June 2019 appearance on the motions and the amended petitions, the attorney for the youngest child requested that her summary judgment motions be considered as having [*2]been made upon the amended petitions. Petitioner and the attorney for the four middle children joined in the pending motions for summary judgment, while the mother, the father and the attorney for the oldest child opposed the motions. Stating that its determination was based solely upon the competent, material and relevant evidence presented at the Family Ct Act § 1028 hearing (compare Family Ct Act § 1046 [b] [iii], with Family Ct Act § 1046 [c]),[FN3] Family Court granted the motions to the extent of adjudicating the oldest child to have been abused and neglected by the father and the mother, the four middle children to have been neglected by the father and the mother, the five younger children to have been derivatively abused and neglected by the father and the four middle children to have been derivatively abused and neglected by the mother.[FN4] The father and the mother appeal.[FN5]
We first address Family Court's determination to grant summary judgment on the amended petition against the father.[FN6] Although it is a drastic procedural device rarely used in Family Court proceedings, Family Court may grant summary judgment in an abuse and neglect proceeding if no triable issue of fact exists (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of Karm'Ny QQ. [Steven QQ.], 114 AD3d 1101, 1102 [2014]; Matter of Xiomara D. [Madelyn D.], 96 AD3d 1239, 1240 [2012]). On a motion for summary judgment, the moving party bears the burden of establishing its prima facie entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Matter of Baby Girl F., 277 AD2d 235, 236 [2000]). If this burden is met, the burden shifts to the party opposing the motion to demonstrate the existence of a material issue of fact (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 183; Matter of Baby Girl F., 277 AD2d at 236). In resolving a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (see Matter of Julianne XX., 13 AD3d 1031, 1032 [2004]; Matter of Hannah UU., 300 AD2d 942, 943-944 [2002], lv denied 99 NY2d 509 [2003]).
The petitioner in a Family Ct Act article 10 proceeding bears the burden of proving abuse and/or neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). As relevant here, an abused child is a child whose parent or person legally responsible for his or her care commits or allows to be committed against the child the offense of rape in the first degree, as defined in Penal Law § 130.35 (4) (see Family Ct Act § 1012 [e] [iii] [A]). A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship[*3], by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). Pursuant to Family Ct Act § 1046 (a) (ii), a prima facie case of abuse or neglect may be established through "proof . . . of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child." "Culpability does not arise upon the mere showing of a prima facie case; rather, [the application of Family Ct Act § 1046 (a) (ii)] 'establishes a rebuttable presumption of parental culpability which the court may or may not accept based upon all the evidence in the record'" (Matter of Miranda HH. [Thomas HH.], 80 AD3d 896, 897 [2011], quoting Matter of Philip M., 82 NY2d 238, 246 [1993]).
At the Family Ct Act § 1028 hearing, petitioner submitted into evidence a certified DNA report demonstrating a greater than 99.99% probability of the father's paternity of the youngest child. Such documentary evidence, together with the father's testimony acknowledging paternity of the youngest child, established a prima facie case of abuse and neglect against the father (see Family Ct Act § 1012 [e] [iii] [A]; [f] [i]; Penal Law § 130.35 [4]), thereby giving rise to a rebuttable presumption of culpability (see Family Ct Act § 1046 [a] [ii]). The burden thus shifted to the father to rebut the statutory presumption of culpability or demonstrate the existence of a triable issue of fact warranting a fact-finding hearing on the matter (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 183; Matter of Christopher Anthony M., 46 AD3d 896, 898 [2007]; see generally Matter of Philip M., 82 NY2d at 244).
The father failed to rebut the presumption or otherwise raise a triable issue of fact (compare Matter of Christopher Anthony M., 46 AD3d at 898-899). Notwithstanding the evidence establishing the paternity of the youngest child, the father maintained that he did not engage in sexual intercourse with the oldest child. Rather, he testified that he regularly masturbates into socks, that he stores the soiled socks in a cubby in his bedroom and that the oldest child became pregnant by masturbating with one of those soiled socks. Given the age of the oldest child at the time of conception, we — like Family Court — find such theory of impregnation to be incredible as a matter of law (see generally Price v City of New York, 172 AD3d 625, 629 [2019], appeal dismissed 34 NY3d 989 [2019]; Home Mut. Ins. Co. v Lapi, 192 AD2d 927, 929-930 [1993]).[FN7] Accordingly, we find no basis upon which to disturb Family Court's determination that the father abused and neglected the oldest child (see Family Ct Act § 1012 [e] [iii] [A]; [f] [i]; Penal Law § 130.35 [4]; see generally Matter of Shade B. [Denzil B.], 99 AD3d 1001, 1002-1003 [2012], lv dismissed 20 NY3d 1005 [2013]; Matter of Bethanie AA., 55 AD3d 977, 979[*4]-980 [2008]). Further, as the father's grossly inappropriate conduct toward the oldest child clearly demonstrates that his parental judgment is so profoundly impaired and fundamentally flawed as to create a substantial risk of harm to all children in the household, Family Court properly found that the father derivatively abused and neglected the five younger children [FN8] (see Matter of Taurice M. [Gregory A.], 147 AD3d 844, 845 [2017]; Matter of Bethanie AA., 55 AD3d at 980; see also Family Ct Act § 1046 [a] [i]).
Turning to the abuse and neglect allegations against the mother, we find that Family Court erred in granting summary judgment against her. The nonhearsay evidence presented at the Family Ct Act § 1028 hearing was insufficient to establish, as a matter of law, that the mother knew or should have known that the father had sexual intercourse with the oldest child and had impregnated her or that the mother fostered and/or allowed the children to live in a "sexually charged household." The mother testified that she did not learn of the pregnancy until the oldest child disclosed it to her sometime in the fall of 2018, that she thereafter had daily discussions with the oldest child regarding the parentage of the baby and that she believed the oldest child's initial claim that she had been impregnated by a 13-year-old boy. Although the mother testified that she was aware of the father's sexual proclivities relating to masturbation and pornography and that the father would discuss with the oldest child topics that may be considered inappropriate, the mother also testified that the oldest child had an inquisitive nature and would ask questions based upon social media content, that she did not believe the discussions to be inappropriate in context and that she was present for many of those discussions. Viewing the evidence in the light most favorable to the mother and according her the benefit of every favorable inference, we cannot conclude as a matter of law that the mother knew or should have known of the father's sexual abuse and impregnation of the oldest child or that the mother fostered or allowed the children to live in a sexually charged household. Accordingly, we find that, at this early stage of the proceeding, Family Court erred in determining that the mother abused and neglected the oldest child, neglected the four middle children and derivatively abused and neglected the four middle children.
Finally, although not addressed by Family Court, questions of fact exist with respect to the allegation of medical neglect against the mother, which requires proof that the oldest child's physical, mental or emotional condition was impaired or in imminent danger of becoming impaired as a result of the mother's failure to exercise a minimum degree of care in supplying the oldest child with prenatal care, though financially able to do so (see Family Ct Act § 1012 [f] [i] [A]). The evidence, viewed in the light most favorable to the mother, [*5]raises questions as to when the mother knew that the oldest child was pregnant, how far along the mother believed the pregnancy to be at that point, the presence or absence of health insurance for the family and/or the mother and father's financial ability to obtain medical care and whether the mother's actions upon learning of the pregnancy were reasonable under all of the circumstances. Although the mother provided some testimony as to when she learned of the pregnancy,[FN9] her testimony changed during the course of the lengthy hearing and a determination as to which, if any, of her accounts was credible is inappropriate on a motion for summary judgment (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182). Accordingly, as Family Court erred in granting summary judgment against the mother, the matter must be remitted for further proceedings on the amended petition against the mother, with such proceedings to be commenced within 45 days of the date of this decision.
To the extent that we have not addressed any of the parties' contentions, they have either been rendered academic by our determination or have been found to be lacking in merit.
Lynch, J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted the motion for summary judgment adjudicating the five older children to be abused and/or neglected and the four middle children to be derivatively abused and neglected by respondent Amanda G. and (2) found that respondent Robert H. neglected the five older children and derivatively neglected the youngest child by allowing and fostering "a sexually charged household"; motion as to respondent Amanda G. denied and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision, said proceedings to be commenced within 45 days of the date of this decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Although Amanda G. is the maternal grandmother of the youngest child, for ease of reference, she will solely be referred to as the mother. Similarly, although Robert H. is the not the father of the oldest child, he will solely be referred to as the father.

Footnote 2: The father withdrew his request after he was arrested on criminal charges relating to his impregnation of the oldest child. The record does not disclose when or why the mother withdrew her request.

Footnote 3: Notwithstanding Family Court's statement that its determination was solely based upon "competent, material and relevant" evidence (compare Family Ct Act § 1046 [b] [iii], with Family Ct Act § 1046 [c]), a reading of Family Court's decision and order reflects that it improperly relied upon incompetent hearsay evidence (see Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1096 n 5 [2013]). In reviewing Family Court's findings, we will not consider any such incompetent evidence.

Footnote 4: Family Court found that the mother did not have "the requisite relationship" with the youngest child or act as a caretaker for the youngest child so as to qualify as a person legally responsible for his care (see Family Ct Act § 1012 [g]). Thus, the court did not adjudicate the youngest child to have been derivatively abused or neglected by the mother.

Footnote 5: The father speculates that, by urging affirmance on appeal, the attorney for the oldest child "may [be] advocat[ing] for a position contrary to that of" the oldest child. Even if the father's claim is true, we note that the position taken by the attorney for the oldest child is not determinative (see Matter of Bonnie AA. v Kiya DD., 186 AD3d 1784, 1788 n 4 [2020], lv dismissed and denied 36 NY3d 933 [2020]; Matter of Angela H. v St. Lawrence County Dept. of Social Servs., 180 AD3d 1143, 1149 [2020]).

Footnote 6: The attorneys for the oldest and youngest children argue that the father should be collaterally estopped from challenging Family Court's abuse and neglect findings because, after Family Court entered its July 2019 order, he pleaded guilty to and was convicted of rape in the first degree and perjury in the first degree. However, the record is not sufficiently developed to determine whether the father's arguments are barred by collateral estoppel (see Matter of Allylynn YY. [Dorian A.], 184 AD3d 972, 972 n [2020]; compare Matter of Philomena V. [Shannon S.], 165 AD3d 1384, 1385-1386 [2018]).

Footnote 7: In any event, even if the theory of impregnation could be countenanced, we would nonetheless find neglect based upon the father's actions in creating a situation in which the oldest child knew of his particular masturbation habits, had access to his soiled socks and was provided with sufficient knowledge to use the soiled socks in a manner that could cause pregnancy (see Family Ct Act § 1012 [f] [i]; see generally Matter of Raelene B. [Alex D.], 179 AD3d 1315, 1317-1318 [2020]).

Footnote 8: We, however, find insufficient evidence to support Family Court's determination — at the summary judgment stage — that the father neglected the five older children and derivatively neglected the youngest child by creating a "sexually charged household."

Footnote 9: Although the mother acknowledged that she received a call from the oldest child's school counselor concerning bullying, Family Court mischaracterizes the mother's testimony regarding the content of the call.