Matter of Clarissa F. (Rex O.) (2023 NY Slip Op 06680)

Matter of Clarissa F. (Rex O.)

2023 NY Slip Op 06680

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

985 CAF 22-01792

[*1]IN THE MATTER OF CLARISSA F., WILLIAM F., ELAINA F., AND AYLA O. ALLEGANY COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; REX O., RESPONDENT-APPELLANT.

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
ALLISON CARROW, COUNTY ATTORNEY, BELMONT, FOR PETITIONER-RESPONDENT.
DAVID J. PAJAK, ALDEN, ATTORNEY FOR THE CHILD.
WILLIAM D. BRODERICK, JR., ELMA, ATTORNEY FOR THE CHILD.
MINDY L. MARRANCA, BUFFALO, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Allegany County (Terrence M. Parker, J.), dated November 2, 2022, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, placed the subject children with their mother after granting petitioner's motion for summary judgment on the issue whether respondent had neglected the children. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the matter is remitted to Family Court, Allegany County, for further proceedings on the petition.
Memorandum: In this neglect proceeding pursuant to Family Court Act article 10, respondent appeals from an order of disposition, entered on respondent's consent, that, inter alia, placed the children in the custody of their mother and placed respondent under petitioner's supervision for one year. Respondent and the mother are the biological parents of Ayla O. The mother is also the biological parent of Clarissa F., William F., and Elaina F. In October 2021, petitioner received a report from the State Central Register and information from a police investigator regarding allegations that respondent had inappropriately touched Clarissa, Elaina, and a friend of theirs. As a result of the allegations, respondent was arrested and charged with three counts of forcible touching. While the criminal matter was pending, petitioner commenced this neglect proceeding, alleging that respondent was a person legally responsible for the care of the children, had neglected Clarissa and Elaina, and had derivatively neglected William and Ayla. After respondent was convicted upon his guilty plea of one count of endangering the welfare of a child, petitioner moved for summary judgment on the petition based upon, inter alia, the plea and certificate of conviction in the criminal matter. In a fact-finding order, Family Court granted petitioner's motion and determined that respondent neglected the children. Respondent appeals from the subsequent dispositional order.
Initially, we note that the order of disposition brings up for our review the court's contested finding of neglect (see Matter of Noah C. [Greg C.], 192 AD3d 1676, 1676 [4th Dept 2021]; Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]) and we further note that respondent "is aggrieved by that finding despite [his] consent to the disposition" (Matter of Vashti M. [Carolette M.], 214 AD3d 1335, 1335 [4th Dept 2023], appeal dismissed [*2]39 NY3d 1177 [2023]; see Noah C., 192 AD3d at 1676-1677).
We agree with respondent that the court erred in granting petitioner's motion for summary judgment. "Family Court may grant summary judgment in a[ ] . . . neglect proceeding if no triable issue of fact exists" (Matter of Kai G. [Amanda G.], 197 AD3d 817, 820 [3d Dept 2021]; see Family Ct Act § 165 [a]; Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of Celeste S. [Richard B.], 164 AD3d 1605, 1605 [4th Dept 2018], lv denied 32 NY3d 912 [2019]). As always, "[o]n a motion for summary judgment, the moving party bears the burden of establishing its prima facie entitlement to judgment as a matter of law" (Kai G., 197 AD3d at 820; see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Celeste S., 164 AD3d at 1605). Only if that burden is met does "the burden shift[ ] to the party opposing the motion to demonstrate the existence of a material issue of fact" (Kai G., 197 AD3d at 820). "In resolving a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party" (id.).
"As relevant here, a criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct" (Matter of Lilliana K. [Ronald K.], 174 AD3d 990, 990-991 [3d Dept 2019] [internal quotation marks omitted]). "It is well settled that [t]he party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination" (Matter of Stephiana UU., 66 AD3d 1160, 1163 [3d Dept 2009] [internal quotation marks omitted]). "In order to find a defendant guilty of endangering the welfare of a child, it must be proven that '[the defendant] knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old' " (Lilliana K., 174 AD3d at 991, quoting Penal Law § 260.10 [1]). "In turn, [t]o establish neglect, [a] petitioner must prove by a preponderance of the evidence that a child's physical, mental or emotional condition was harmed or is in imminent danger of harm as a result of a failure on the part of the parent to exercise a minimum degree of care" (id. [internal quotation marks omitted]; see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]).
Here, the petition alleges that respondent engaged in the inappropriate touching on or about July 14, 2021 (Clarissa), October 13, 2021 (Elaina), and July 11, 2021 (the friend). The affidavit in support of the motion for summary judgment states that the offenses against all three children occurred on or about July 21, 2021. The certificate of conviction does not list the date or dates of the offense or the victim, and the minutes of respondent's plea allocution are not contained in the record on appeal. Thus, contrary to petitioner's assertion, it failed to establish the identity of the issues in the present litigation and the prior determination inasmuch as it is not clear whether the conviction related to the allegations with respect to Clarissa or Elaina—two of the children covered in the neglect petition and for whom respondent was a person legally responsible—or their friend—a child not named in the petition and for whom respondent was not legally responsible. "[I]t is not enough to merely establish the existence of the criminal conviction; the petitioner must prove a factual nexus between the conviction and the allegations made in the neglect petition" (Matter of Jewelisbeth JJ. [Emmanuel KK.], 97 AD3d 887, 888 [3d Dept 2012]). Thus, on this record, we conclude that petitioner failed to meet its burden of establishing as a matter of law that respondent neglected Clarissa or Elaina (cf. Matter of Blima M. [Samuel M.], 150 AD3d 1006, 1008 [2d Dept 2017]; Matter of Doe, 47 AD3d 283, 285 [3d Dept 2007], lv denied 10 NY3d 709 [2008]).
Inasmuch as petitioner failed to establish that respondent neglected Clarissa or Elaina, petitioner also failed to meet its burden of establishing as a matter of law respondent's derivative neglect of William and Ayla (see Matter of David W. [Patricio W.], 191 AD3d 1349, 1351-1352 [4th Dept 2021]; see generally Family Ct Act § 1046 [a] [i]; Matter of Sonja R. [Victor R.], 216 AD3d 1096, 1099 [2d Dept 2023]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court