Matter of Juliet W. (Amy W.) (2024 NY Slip Op 05690)

Matter of Juliet W. (Amy W.)

2024 NY Slip Op 05690

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, DELCONTE, AND KEANE, JJ.

702 CAF 23-01402

[*1]IN THE MATTER OF JULIET W. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; AMY W., RESPONDENT-APPELLANT. (APPEAL NO. 2.)

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR RESPONDENT-APPELLANT. 
STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT. 
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Cattaraugus County (Moses M. Howden, J.), entered January 27, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion dated July 22, 2022, is denied, and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding in March 2021 seeking to terminate respondent mother's parental rights with respect to the subject child on the grounds of, inter alia, mental illness and intellectual disability (see Social Services Law § 384-b [4] [c]). In appeal No. 1, the mother appeals from an intermediate order that granted petitioner's motion dated July 22, 2022, for summary judgment on the petition. In appeal No. 2, the mother appeals from a dispositional order that, inter alia, terminated the mother's parental rights, granted petitioner guardianship of the subject child, and freed that child for adoption. We dismiss the appeal in appeal No. 1 inasmuch as the intermediate order is not appealable as of right (see Family Ct Act § 1112 [a]). We note, however, that the mother's appeal from the dispositional order in appeal No. 2 brings up for review the propriety of the intermediate order in appeal No. 1 (see Matter of Roman E.A. [Danielle M.] [appeal No. 2], 107 AD3d 1455, 1455-1456 [4th Dept 2013]).
We agree with the mother that Family Court erred in granting petitioner's July 22, 2022 motion, and we therefore reverse the order in appeal No. 2, deny that motion, and remit the matter to Family Court for further proceedings on the petition. The motion was premised solely on the ground that the mother was collaterally estopped from relitigating the issue whether she was "presently and for the foreseeable future unable, by reason of mental illness or intellectual disability, to provide proper and adequate care for [the subject] child" (Social Services Law § 384-b [4] [c]). "Collateral estoppel permits the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided" (Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 649 [1993]; see Matter of Clarissa F. [Rex O.], 222 AD3d 1434, 1435 [4th Dept 2023]). Although collateral estoppel may be an appropriate ground on which to grant summary judgment in a Family Court proceeding under certain circumstances (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183 [1994]), such circumstances are not present here (cf. Matter of Yeshua G. [Anthony G.], 162 AD3d 1470, 1470 [4th Dept 2018], lv denied 32 NY3d 903 [2018]).
In moving for summary judgment, petitioner did not submit any evidence of the current state of the mother's mental health and intellectual disability issues. Instead, petitioner relied [*2]solely on its argument that the mother was collaterally estopped from relitigating a 2018 judicial determination, in connection with a prior proceeding concerning certain of the mother's other children, that the mother was "presently and for the foreseeable future unable, due to [her] mental illness and intellectual disability . . . , to provide adequate care for the children [at issue in that proceeding]." Neither the relied-upon 2018 order of disposition nor its supporting decision, however, contains a finding of fact or conclusion of law that the mother's mental illness or intellectual disability permanently impaired the mother's ability to provide adequate care for a child (see Matter of Jesus M. [Jamie M.], 118 AD3d 1436, 1437 [4th Dept 2014], lv denied 24 NY3d 904 [2014]; see generally Matter of Trina Marie H., 48 NY2d 742, 743 [1979]). Instead, the prior judicial determination that the mother was "presently and for the foreseeable future" unable to provide adequate care was premised upon evaluations of the mother conducted in 2012 and 2017. Further, that determination was issued a year prior to the birth of the subject child in the present proceeding and, although the subject child was ordered into petitioner's care almost immediately following her birth, the instant petition was nonetheless not filed for yet another two years. Thus, the 2018 judicial determination, premised on three- to eight-year-old evidence, is insufficient to establish by clear and convincing evidence, as a matter of law, that the mother was, at the time of this proceeding, "presently and for the foreseeable future unable, by reason of mental illness or intellectual disability, to provide proper and adequate care for [the subject] child" (Social Services Law § 384-b [4] [c] [emphasis added]; see Matter of Dochingozi B., 57 NY2d 641, 642-643 [1982]). We therefore conclude that the mother has not yet had a full and fair opportunity to litigate that issue (see generally Clarissa F., 222 AD3d at 1435-1436).
A different result is not required by our determination in Yeshua G. that a respondent father was collaterally estopped from relitigating the issue whether he was " 'presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for a child' " (162 AD3d at 1470). Although not specifically stated in our memorandum decision in that case, Yeshua G. concerned one of several separate but contemporaneous termination proceedings pertaining to multiple children of the respondent father. There, the petitioning agency moved for summary judgment on the termination petition for the subject child within weeks of the prior judicial determination on which the agency relied. Thus, the respondent father in Yeshua G. had been afforded a full and fair opportunity to litigate the effect of his mental illness on his "present[ ]" ability to provide proper and adequate care for the subject child in that case (Social Services Law § 384-b [4] [c]; see James M., 83 NY2d at 183). Under the circumstances presented here, however, the doctrine of collateral estoppel does not apply and the court should have denied the motion regardless of the mother's opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Clarissa F., 222 AD3d at 1435).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court